A. SELIG ROBERTS, Respondent, *v.* BERTHA A. HOBERG, Appellant.

First Department, May 1, 1925.

Vendor and purchaser — action by purchaser to compel specific performance — memorandum of contract contained provision for formal contract which vendor refused to execute — memorandum contained all essentials of contract — not necessary that memorandum should contain provision as to adjustment of rents or as to retention of janitor — judgment not erroneous because it required defendant to take second mortgage subordinate to first mortgage — judgment modified by striking out word "warranty" on condition that defendant, non-resident, deposit "proper deed" in county clerk's office.

A vendor of real property will be required to convey, where it appears that a memorandum of the contract, which contained a provision for the execution of a formal contract, duly executed by both parties, describes the property, fixes the purchase price, the amount of cash payment and the amount to remain on the first and second mortgages, for the memorandum contains all of the essential elements of a contract for the conveyance of real property, and it was not necessary for the vendor to execute a formal contract, which she refused to execute, apparently on the ground that she could get more money for the property than the purchase price stipulated in the memorandum.

It is not a valid objection to the memorandum that it did not contain an agreement as to the retention by the purchaser of the janitor of the building, and an agreement as to the adjustment of rents and taxes, for as to the rents and taxes, an agreement for adjustment will be implied, and as to the retention of the janitor, that was not a necessary part of the contract for the sale of land.

The judgment requiring the vendor to convey the property and that she accept a second mortgage as to part of the purchase price subordinate to the first mortgage is not erroneous on the ground that the second mortgage was made subordinate, for, as a matter of law, that mortgage would be subordinate to the then existing first mortgage and was so intended to remain by the parties, because they used the words "second mortgage" in their memorandum.

The judgment is modified by striking out the word "warranty" on condition that the defendant, a non-resident, deposit a "proper deed" in the county clerk's office within twenty days after the entry of the order of the Appellate Division and service thereof on the attorneys for the vendor.

APPEAL by the defendant, Bertha A. Hoberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of July, 1924, upon the decision of the court rendered after a trial at the New York Special Term.

*Percival E. Jackson* of counsel [*Siegfried Moisseiff* with him on the brief], for the appellant.

*Breitbart & Breitbart* [*Bernard Breitbart* of counsel], for the respondent.

McAvoy, J.:

The action here was for specific performance of a real estate contract. It is claimed that defendant agreed to sell to the plaintiff and plaintiff agreed to purchase certain real property. The answer is a general denial. The case was tried at Special Term and judgment was found for the plaintiff in which specific performance of the contract was directed.

The proof shows that plaintiff and defendant entered into an agreement whereby defendant, the owner of premises known as 234 Bradhurst avenue, in Manhattan, N. Y., agreed to sell to plaintiff this property for $58,000. The consideration was to be paid partly in cash and partly by taking the property subject to a then existing first mortgage and accepting a second mortgage for the balance. When this agreement was signed, plaintiff gave his check to defendant for $500. The agreement provided, however, for a more formal contract which later was to be executed. The formal contract was sent to the defendant on August 30, 1923, with a request that she sign it, which she refused to do. The memorandum which is claimed to be a full and complete contract contains all the necessary requirements for a sale of land, and is as follows:

"*Aug.* 30, 1923.

" Received from A. S. Roberts Five Hundred ($500) Dollars on account of purchase price for the property, 234 Bradhurst Avenue, N. Y. City. Terms and conditions are as follows: Price $58,000.00. First mortgage $28,000.00, Second Purchase Money mortgage $20,000.00 at 6% for ten (10) years from date of Closing of Title. (Seller has the option to have the second mortgage amortized at the rate of $1,000.00 per year).

" Additional One Thousand ($1,000) Dollars to be paid on the signing of the contract. Contract to be for Sixty (60) days. Eighty-Five Hundred ($8500) Dollars to be paid on the delivery of the deed.

" Contract for purchase of this property to be prepared not later than Wednesday, September 6, 1923.

" BERTHA A. HOBERG

" Witnessed by        A. S. ROBERTS.
        " D. M. Borell."

Defendant's evidence shows that she did not execute the contract merely because certain things were not included in the formal contract which she had agreed upon with the buyer; but she expressly stated that she refused to accept any contract whatever, and it is inferable that she would not sign any contract even though it might so agree.

The memorandum seems to be sufficient upon which to predicate the judgment which required her to deliver to the plaintiff a full covenant warranty deed conveying to the plaintiff the premises in question upon receipt by her from the plaintiff of the balance of the purchase price and execution and delivery by plaintiff of a second mortgage for the balance of the purchase money, the conveyance to be subject to a first mortgage now on record in the sum of $28,000.

The principal objections raised to the judgment are that there were certain conditions still to be carried out after the memorandum of receipt and payment was drawn up. But the evidence does not bear out this fully, except that there was a discussion about keeping the janitor, and it was said that adjustment of rents and taxes would be taken up in the contract. Of course, the terms with respect to these would be implied without any further contract, and the consent to keep the janitor was not a necessary portion of the contract for the sale of land required to be included in the memorandum thereof. It is also contended that the judgment erred in having directed that a warranty deed be given, but if that objection be urged, plaintiff is willing that the judgment be modified by striking out the word " warranty " on condition that defendant first deposit a proper deed. The suggestion that this be imposed as a condition is made because the warranty deed which the defendant deposited in the county clerk's office under section 597 of the Civil Practice Act, which stayed the execution of the judgment, would not be available to plaintiff after modification by the court which would require merely a proper deed.

It is said that the defendant is a non-resident of the State and enforcement of a modified judgment would be difficult unless this requirement be made conditional in any modified judgment. The claim is also made that the judgment is erroneous because it requires the defendant to take a second mortgage as part of the purchase money subordinate to the first mortgage. The contract provided that there was to be a first mortgage of $28,000 on the premises, and that a second purchase-money mortgage of $20,000 for ten years from the date of closing was to be taken back subject to such first mortgage. As a matter of law the second mortgage would be subordinate in lien to the then existing first mortgage, and was so intended to remain by the parties because they used the words in their memorandum, " second mortgage." The defendant apparently was acting in bad faith in not executing the formal contract for notwithstanding the fact that she sold the property at an expressed consideration of $58,000, she stated she had an offer for $62,000 with more cash as a first payment, and she wanted

that amount from the plaintiff before she would make a formal contract, to which demand plaintiff refused to accede and brought his action.

The judgment directing specific performance should be modified by striking out the requirement for delivery by defendant of a warranty deed and by substituting instead thereof a direction that defendant deliver a proper deed, on condition, however, that defendant deposit such proper deed in the county clerk's office of New York county within twenty days after entry of this order and service thereof on the attorneys for appellant, and upon failure to comply with this condition the judgment as entered will be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment modified as indicated in opinion and as so modified affirmed, with costs. Settle order on notice.