GRACE HOHAUSER, Respondent, *v.* CLARENCE BERWIN, Appellant·

Supreme Court, Appellate Term, Second Department, July 1, 1925.

Contracts — action to recover deposit made upon execution of paper which recited more formal paper should be executed on following day — original paper deemed complete contract — fact that defendant did not refuse to perform under original paper precludes return of deposit to plaintiff.

Plaintiff is not entitled to the return of a deposit made upon the execution of a paper, notwithstanding the fact that said paper contained a recital that a more formal paper should be executed the following day, since the original paper, executed by the parties, was a full and complete contract.

Moreover, the fact that the defendant did not refuse to carry out the terms of the original paper, in the absence of any proof that the agreement made by the parties was to be enforcible only when a more formal paper should have been executed, precludes a judgment for the plaintiff.

APPEAL from a judgment and order of the Municipal Court, Borough of Queens, Fifth District.

*Isidore Siegeltuch,* for the appellant.

*Jacob E. Brandfon,* for the respondent.

PER CURIAM:

Judgment and order unanimously reversed upon the law, with thirty dollars costs to appellant, and judgment directed for the defendant dismissing plaintiff's complaint, with appropriate costs in the court below.

The paper which the parties signed was a full and complete contract. The fact that it provided that a more formal paper should be executed the following day did not make it any less binding and effective. (See *Roberts* v. *Hoberg,* 212 App. Div. 595.) It could have been enforced by either party. There was no proof to show that the agreement made by the parties was to be enforcible only when the more formal paper should have been executed. Concededly, the defendant did not refuse to carry out the terms of that paper, and, therefore, the plaintiff cannot recover the deposit she has paid.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.