No. 2 and 4 Roman Avenue, Incorporated, Appellant, *v.* Alvin C. Goddard, Respondent.

Second Department, April 1, 1927.

**Vendor and purchaser — specific performance — letters between parties established contract for sale of land.**

In an action by the purchaser for the specific performance of a contract with the defendant for the purchase of real property, it appears from the evidence that letters written by the defendant contain all the essential elements of a proposal to purchase the premises in question and were crystallized into a contract when accepted by the plaintiff, and, therefore, a judgment dismissing the complaint at the opening of the case should be reversed and a new trial granted.

Although it may be that the defendant did not intend to have his correspondence suddenly transformed into a contract by a mere acceptance, this has resulted since all the indispensable elements of an agreement were presented to plaintiff in defendant's letters, notwithstanding the provision for a more formal contract and that the transaction was to be closed " on the basis as heretofore agreed."

Appeal by the plaintiff, No. 2 and 4 Roman Avenue, Incorporated, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 6th day of January, 1927, upon the dismissal of the complaint at the opening of the case on the ground that it fails to set forth facts sufficient to constitute a cause of action.

*Aaron H. Marx* [*Walter E. Godfrey* with him on the brief], for the appellant.

*Cecil B. Ruskay,* for the respondent.

HAGARTY, J.   The complaint having been dismissed at the opening of the trial, the sole question for determination upon this appeal is whether or not a cause of action is stated.   The relief sought is the specific performance of a contract to purchase real property.   The defendant has pleaded a general denial and, as a separate defense, the Statute of Frauds.

The contract sought to be enforced by the plaintiff is to be spelled out of a series of letters written by the defendant, through his attorney, to the plaintiff and annexed, as exhibits, to the complaint.   The court at Special Term, in dismissing the complaint, characterized the letters as merely " preliminary negotiations looking forward to entering into a written contract."   With this we do not agree.   The letters written by the defendant contain all the essential elements of a proposal to purchase the premises 2 and 4 Roman avenue, and were crystallized into a contract when accepted by the plaintiff.   The purchase price is $130,000, with no deduction for commissions, the closing to be as of the first day of April, and all adjustments to be made as of that date, and the balance paid in cash, *i. e.*, the amount over and above the mortgages, interest, taxes, etc., as adjusted.   The plaintiff was advised that the defendant's lawyer was directed to close the transactions upon the basis as " heretofore agreed," and that arrangements were then being made to have the examination of the title continued " so that title insurance may be had."   It is true that in the letter written by the defendant, a copy of which was stamped " accepted " by the plaintiff and returned to the defendant, the defendant said, " Perhaps it would be well to make a short contract between the corporation and Mr. Goddard for the sale and purchase of the property upon the terms as agreed,   *   *   *."   But this was clearly in connection with the management, because the sentence continues, " and then let the management be taken over by Mr. Hart and arrangements made by him with tenants for renewal leases and to rent any apartments that may be vacant."   Defendant calls our attention to two other clauses in the letter, which he claims determine, as a matter of law, that no valid and binding contract between the parties resulted from the acceptance in the manner described in the complaint.   These clauses are, *first,* " Mr. Goddard has advised me to proceed to close the transaction on the basis as heretofore agreed," and, *second,* " It will be necessary to have a meeting of the directors of the corporation to authorize the sale and I would consider it advisable, perhaps the Title Company considers it necessary, that there be a meeting of the stockholders for this purpose."   It may be that the defendant did not intend to have his correspondence suddenly transformed into a contract

by a mere acceptance, but, since all the indispensable elements of an agreement were presented to plaintiff in defendant's letters, we think this has resulted, notwithstanding the provision for a more formal contract, and that the transaction was to be closed " on the basis as heretofore agreed." There was no discrepancy between the earlier writings and the letter upon which plaintiff based its acceptance.

A somewhat similar statement of facts was presented to the court in *Sanders* v. *Pottlitzer Bros. Fruit Company* (144 N. Y. 209). There the contract was spelled out of letters and telegrams which passed between the parties, although a formal contract was contemplated. The plaintiffs in that case prepared and forwarded the contract precisely in the terms embraced in the correspondence, which was the original proposition made by the plaintiffs, as modified by defendant's telegram, and which was acceded to by the plaintiffs. This was not satisfactory to the defendant, and it returned it to the plaintiffs with certain modifications, which were not referred to in the correspondence. In writing for the court Judge O'Brien said, in part: " Here the contract was already in writing, and it was none the less obligatory upon both parties because they intended that it should be put into another form, especially when their intention is made impossible by the act of one or the other of the parties by insisting upon the insertion of conditions and provisions not contemplated or embraced in the correspondence. (*Vassar* v. *Camp*, 11 N. Y. 441; *Brown* v. *Norton*, 50 Hun, 248; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y. 308.) The principle that governs in such cases was clearly stated by Judge Selden in the case last cited in these words: ' A contract to make and execute a certain written agreement, the terms of which are mutually understood and agreed upon, is, in all respects, as valid and obligatory, where no statutory objection interposes, as the written contract itself would be, if executed. If, therefore, it should appear that the minds of the parties had met; that a proposition for a contract had been made by one party and accepted by the other; that the terms of this contract were in all respects definitely understood and agreed upon, and that a part of the mutual understanding was, that a written contract, embodying these terms, should be drawn and executed by the respective parties, this is an obligatory contract, which neither party is at liberty to refuse to perform.' "

In the case before us there was no question of a variance of the terms. No proposed formal contract was submitted by either party, and the defendant in his brief submits that he " does not seek to avoid a contract. His contention is simply that there was no contract made." Judge Gaynor, writing for this court

in *Pelletreau* v. *Brennan* (113 App. Div. 806), said: "That the contract provides for the execution of a more formal contract does not detract from it; it is enforcible."

The judgment should be reversed upon the law and a new trial granted, costs to appellant to abide the event.

KELLY, P. J., YOUNG, KAPPER and LAZANSKY, JJ., concur.

Judgment reversed upon the law and new trial granted, costs to appellant to abide the event.