■ JOHN VALLONE et al., Appellants, v. DENNIS REGAN et al., Individually and as Copartners Doing Business under the Name of REGAN MOTORS, Respondents.— In an action for specific performance of a contract for the sale of real property, the appeal is from an order granting summary judgment dismissing the complaint and from the judgment entered thereon. Order and judgment reversed, with $10 costs and disbursements, and motion denied. Appellants shall serve a reply within ten days after the entry of the order hereon setting forth the various documents and facts claimed to constitute the contract. After certain denials the answer pleads the Statute of Frauds as a separate and complete defense. The affidavit of one of the appellants in opposition to the motion discloses facts which, if properly pleaded, might well obviate the objections raised by said defense. (*Crabtree* v. *Elizabeth Arden Sales Corp.,* 305 N. Y. 48; *No. 2 & 4 Roman Ave.* v. *Goddard,* 220 App. Div. 138.) In the circumstances, there are issues which appellants are entitled to have tried (Rules Civ. Prac., rule 113). Wenzel, Acting P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: On May 21, 1955, respondents signed a writing acknowledging receipt of a deposit toward the purchase by appellants of certain real property owned by respondents at a named purchase price " Subject to terms and conditions of contract of sale to be executed by parties." Under date of May 31, 1955, respondents' attorney sent to appellants' attorney an unsigned draft of the proposed contract of sale. The contract was never signed. In this action for specific performance, it is alleged that on June 7, 1955, respondents refused to perform. The answer pleads the Statute of Frauds as a defense. The writing of May 21, 1955, is insufficient to satisfy the Statute of Frauds. (*Polucek* v. *Jahoda,* 203 App. Div. 38.) Had the proposed contract of sale been signed, it would have satisfied the Statute of Frauds. Where a signed writing refers to an unsigned document, so that the signed writing contains internal evidence that the party signing the writing assents to the contents of the unsigned writing, or where parol evidence connects the documents and proves assent by the party to be charged to the contents of the unsigned document, the document referred to or united with the signed writing is deemed to be incorporated in the signed writing for the purpose of determining whether there has been compliance with the Statute of Frauds in the signed writing. (*Crabtree* v. *Elizabeth Arden Sales Corp.,* 305 N. Y. 48.) The very statement of the rule presupposes that the unsigned writing must have been in existence either prior to, or contemporaneous with, the signed

writing. Under no circumstances may the signed writing refer to a later unsigned writing because in such case, there cannot be assent indicated by the signing of an earlier document to the contents of a later unsigned writing. In this case the signing of the insufficient writing of May 21, 1955, could not indicate assent to the later unsigned contract mailed to appellants' attorney on May 31, 1955.