Benjamin, J.
(dissenting). This is an action by plaintiff, a real estate broker, for commissions.
The defendant and prospective purchasers signed an agreement, called a binder, for the sale of defendant’s house. The agreement identified the parties, set forth the purchase price, provided for a first mortgage as to amount and term of years, acknowledged payment of a deposit, listed other terms, called for the execution of a more formal contract, was made subject to purchasers’ lawyer’s approval and consummation of contract of sale of purchasers’ home. By a further provision defendant agreed that upon his willful default in consummating the sale of his house brokerage commissions would be payable on demand.
This binder agreement was signed only after defendant consulted his attorney as to its terms, which terms were all included in the agreement prior to its execution by the prospective purchasers, defendant and plaintiff broker.
At the bottom of this binder agreement, before defendant’s signature, is a statement wherein he acknowledges that he has *615 read the terms of the agreement and that they are acceptable and agreeable to him.
Thereafter and upon the advice of his counsel defendant refused to sign the more formal contract of sale, thus repudiating this binder agreement.
The minds of the parties had met, a proposal was made by the purchasers and accepted by the defendant and the terms definitely understood and agreed upon. This binder agreement contained all of the essential elements of a contract for the conveyance of real property. (Roberts v. Hoberg, 212 App. Div. 595; No. 2 & 4 Roman Ave. v. Goddard, 220 App. Div. 138 [2d Dept.].) Speaking of a similar situation the Court of Appeals in Sanders v. Pottlitzer Bros. Fruit Co. (144 N. Y. 209) said: “here the contract was already in writing, and it was none the less obligatory upon both parties because they intended that it should be put into another form, especially when their intention is made impossible by the act of one or the other of the parties by insisting upon the insertion of conditions and provisions not contemplated or embraced in the correspondence.” Had these prospective purchasers so desired, upon complying with the terms of this agreement they could have demanded specific performance. (Roberts v. Hoberg, supra; Sanders v. Pottlitzer Bros. Fruit Co. (supra.)
Having repudiated the contract, by its terms, defendant’s obligation to plaintiff to pay brokerage commissions became complete. Second thoughts by the defendant do not enable him to retreat from an agreement freely signed by him. Plaintiff had provided a purchaser willing to perform, on terms accepted by defendant in writing and thus earned its commissions. Its rights thereto may not be defeated by defendant’s afterthoughts or regrets.
At the close of all of plaintiff’s evidence the defendant rested. Thus other than by cross-examination plaintiff’s evidence was not challenged or contradicted. I can see no reasonable basis for the determination made below and am of the opinion that the judgment entered should be reversed and judgment rendered for the plaintiff.