■ BARRY COHN, Respondent-Appellant, v GEON INTERCONTINENTAL CORP., Appellant-Respondent.—Order, insofar as it denies defendant's motion for summary judgment reversed, with costs, motion granted and complaint dismissed. Memorandum: Defendant is a domestic corporation which was engaged in the business of distributing replacement parts for foreign automobiles. For several years prior to January, 1977 plaintiff was an employee of defendant. On January 20, 1977 plaintiff commenced this action by service of a complaint which set forth three causes of action. In his first and second causes of action, plaintiff claims that an agreement was entered into between himself and defendant, whereby in return for selling a number of defendant's stores, it agreed to sell to plaintiff a store consisting of both real and personal property located on Harlem Road in Cheektowaga. In his first cause of action plaintiff seeks specific performance and in his second cause of action, in the alternative, he seeks damages representing lost profits due to defendant's failure to perform under the agreement. In his third cause of action, plaintiff seeks damages representing the reasonable value of his services in securing buyers for defendant's stores which were beyond the scope of his employment. Defendant denies the essential allegations of the complaint and sets forth as an affirmative defense that the alleged agreement was neither in writing nor subscribed by an authorized agent and is, therefore, unenforceable. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for an order dismissing the affirmative defense. It is from the order of Special Term denying their respective motions that defendant appeals and plaintiff cross-appeals. For plaintiff to succeed on either of his first two causes of action, he must prove the existence of a writing constituting at least a note or memorandum of the agreement alleged thereunder (General Obligations Law, § 5-703, subd 2; Uniform Commercial Code, § 2-201, subd [1]). Moreover, under both Statute of Fraud sections, there is the requirement that the signature of the party against whom enforcement is sought appear on the writing. This name, written or printed, "is not to be reckoned as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate the writing * * * Whether such an intent is to be inferred will be at times a question of law and at others one of fact, according to the circumstances" *(Mesibov, Glinert & Levy Inc. v Cohen Bros. Mfg. Co.,* 245 NY 305, 310; see 56 NY Jur, Statute of Frauds, § 221). Here, the only writing offered by plaintiff constituting a note or memorandum of the alleged agreement is a letter which he prepared and addressed to defendant's attorney containing certain terms of a proposed sale of one of defendant's stores to him. There was no mention in this letter of any obligation on plaintiff's part to sell a number of defendant's stores in return for the right to purchase defendant's Cheektowaga store. This letter was initially received by defendant's president, Michael Pace, who struck out the words "Consented To" at the bottom of it and wrote a note on it to defendant's attorney to the effect that the terms set forth in the letter were subject to his legal advice and placed his signature on the letter. We find as a matter of law that the signature of defendant's president was neither made with the intent to authenticate the

letter as a memorandum of a pre-existing oral contract nor with the intent to bind defendant to the terms set forth in the letter. Inasmuch as this letter fails to satisfy the requirements of the Statute of Frauds, since it does not fully embody the understanding of the parties and, further, lacks the authenticating signature, the agreement alleged by plaintiff is unenforceable and the first two causes of action based thereon should be dismissed. The dissent argues that a jury might find that all the essential terms and conditions of the agreement were set forth in the letter and that all that remained was to translate these terms and conditions into a formal document. To the contrary, the fact that it was written at the bottom of the letter that the entire agreement was subject to defendant's attorney's legal advice, in addition to the fact that defendant's president struck out the words "Consented to" before his signature, clearly establishes that defendant's president neither intended that this letter be the final agreement of the parties nor intended that the terms of the letter, which were subject to rejection by the attorney, merely be translated into a formal document. Such facts undeniably show that there had not been a full manifestation of mutual assent and that a complete meeting of the minds had not been reached (see *Brause v Goldman,* 10 AD2d 328, 332 affd 9 NY2d 620). With respect to plaintiff's third cause of action under which he seeks damages on a *quantum meruit* theory of recovery for his services in securing buyers for defendant's stores, any agreement entered into between plaintiff and defendant or any promise made by defendant to plaintiff under which plaintiff was to be paid for such services was required to be in writing (General Obligations Law, § 5-701, subd a, par 10). Plaintiff's letter is the only writing offered by him and it fails to mention any agreement of this nature. Plaintiff is precluded from recovering on *quantum meruit* as any agreement he had, if, in fact, he had one, failed to comply with the requirements of the Statute of Frauds *(Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, see *Cohon & Co. v Russell,* 23 NY2d 569). All concur, except Simons and Hancock, Jr., JJ., who dissent in part in the following memorandum: We concur with so much of the majority's decision as grants summary judgment with respect to plaintiff's claim for the reasonable value of his services in selling the 43 stores. Such claim is precluded by the then pertinent Statute of Frauds (General Obligations Law, § 5-701, subd a). We dissent, however, from the majority's holding that plaintiff's action based on the alleged agreement to sell the store (including the inventory) and the building is also barred by the applicable Statutes of Frauds (General Obligations Law, § 5-703, subd 2; Uniform Commercial Code, § 2-201, subd [1]). In our opinion the record presents triable questions of fact as to whether or not the parties intended to be bound by the terms of the informal written agreement set forth in the letter of June 8, 1976, including the agreement that the substance of the letter be reduced to a formal legal contract to be executed at a later date. As stated by Justice Botein in *Brause v Goldman* (10 AD2d 328, 332): "Of course, when all the essential terms and conditions of an agreement have been set forth in informal written memoranda and all that remains is their translation into a more formal document, such an agreement will be capable of specific performance *(Sanders v. Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209; *No. 2 & 4 Roman Ave. v. Goddard* 220 App. Div. 138; *Sherry v. Proal,* 131 App. Div. 774, 143 App. Div. 928, affd 206 N. Y. 726, *People v. St. Nicholas Bank,* 3 App. Div. 554, affd 151 N. Y. 592; *Corn v. Bergman,* 138 App. Div. 260). In such a case, there has been a full manifestation of mutual assent, and a complete meeting of the minds has been reached. All that remains is an integration of the agreement already made

into another context which, unless otherwise specified, is not essential to evidence a consummated understanding." (See, also, 9 NY Jur, Contracts, § 20.) Here the letter from plaintiff addressed to defendant's attorney stated that "we [plaintiff and defendant] have come to an agreement at this time and would like to set it down on paper for closing at a future date," and that "both Geon and I feel that a contract should be prepared for my purchase of the store and signed by an officer or officers of Geon, so that in the event * * * the parties I have negotiated with are not available at the date of my taking over the store, or in the event that Geon as a company should be in the throes of whatever, I will be protected." The letter purports to contain the essential terms of the agreement for the sale of the store and the building including the terms and conditions of plaintiff's agreement to buy a minimum yearly amount of parts from defendant. The letter bears notations made by defendant's president including the letters "O.K." and his initials in the margin adjacent to the paragraphs pertaining to preparation and signing of the proposed contract and to the terms for the purchase and sale of the building. It is signed by Michael Pace as president of the defendant and is initialed by Michael Pace below a note addressed to his lawyer and written at the end of the letter in Michael Pace's handwriting which reads: "Larry—This is—subject to your legal advice—*acceptable to Geon*. I would like to see the wording to the effect that—the closing date will be within 12 months at both parties mutual consent—no later." (Emphasis added.) In our opinion, a trier of fact could conclude that the parties had agreed to all of the essential terms of the contract and that all that remained was to "set it down on paper" in a formal legal document. That the words "Consented To" above Pace's signature were stricken does not conclusively establish that Pace did not intend to be bound by all of the essential terms (to which the handwritten note indicates he had agreed). Such action could have been intended merely as an additional indication that the informal agreement set forth in the letter was not the final formal contract contemplated by the parties. The circumstances surrounding the signing of the letter and the interdelineation of the words "consented to" and the evidence pertaining to the intention of the parties should be developed at trial. Accordingly, summary judgment with respect to this issue should not be granted. (See *Sullivan County Wholesalers v Sullivan County Dorms*, 59 AD2d 628; see, also, *Arrow Bldrs. Supply Corp. v Royal Nat. Bank of N. Y.*, 21 NY2d 428, 431; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Van Opdorp v Merchants Mut. Ins. Co.*, 55 AD2d 810.) (Appeal from order of Erie Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.