## SECOND DEPARTMENT, NOVEMBER, 1916.

SIGMUND REISS, Respondent, v. SYLVAN LEVY and ELI H. BERNHEIM, Appellants.

*Pleading — contract — deceit — corporation — derivative action — failure to allege sufficient facts.*

Appeal by the defendants from an order of the Special Term, entered in the office of the clerk of the county of Kings on the 2d day of December, 1915, denying their motion for judgment on the pleadings.

PER CURIAM: The appeal is from an order denying defendants' motion for judgment on the pleadings. The pleadings are a complaint and an answer. The sufficiency of the complaint is to be tested. The pleading contains sixty-one paragraphs. We do not deem it necessary to reproduce them. We conclude a cause of action is not stated. No equitable relief is demanded. Money damages are sought. Essential allegations and a

necessary party (the corporation) for a derivative action by a stockholder are missing. There are many statements of misrepresentations. We can find none of fact. The representations are either of a promissory nature or of the law. The plaintiff in his brief wisely abandons the position he took at Special Term, that the complaint states a cause of action for damages for deceit. A cause of action for damages for breach of contract is not pleaded. The defendants could not make a valid agreement that the directors should be elected by a vote other than prescribed by the Stock Corporation Law (Laws of 1909, chap. 61, § 25, constituting chapter 59 of the Consolidated Laws), which prescribes a plurality of the votes at such election to be sufficient. *Lorillard* v. *Clyde* (86 N. Y. 384), cited by the respondent, is not an authority to the contrary. That was an action on a guaranty. We do not find an allegation that the defendants agreed with plaintiff that he would be paid thirty dollars a week for five years, Plaintiff consented in writing to the increase of the capital stock and the issue of preferred stock. He cannot be heard to say he did not know the nature of his act. Plaintiff alleges that the defendants "duly" acquired the shares of the preferred stock they have. "Duly" imports properly, (*Lorillard* v. *Clyde, supra.*) He makes no allegation that a similar opportunity was not accorded him. If it were not, the corporation, not the defendants, offended. The preferred stock, which in a proper action, under the rule of *Stokes* v. *Continental Trust Co.* (186 N. Y. 285), he would be entitled to acquire, has not been issued. The loss, if any, resulting from an improper sale to Mayer of the common stock owned by the corporation, is the loss of the corporation. The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to plead anew within twenty days on payment of costs. Present — Jenks, P. J., Thomas, Carr, Stapleton and Rich, JJ. Order reversed, with ten dollars costs and disbursements. and motion granted, with ten dollars costs, with leave to plaintiff to plead anew within twenty days on payment of costs.