MARY KASTNER, Plaintiff, *v.* ARTHUR J. STEIN, Defendant.

City Court of New York, December 15, 1927.

**Husband and wife — breach of contract of marriage — defendant informed plaintiff he had been divorced from wife for adultery and that decree in action would prohibit him from remarrying in this State — parties agreed to be married in another State upon entry of divorce decree in this State — contract not enforcible in this State though decree still unrecorded.**

Plaintiff's complaint in this action for breach of promise to marry must be dismissed where the evidence discloses that before any discussion as to marriage took place, defendant informed her that he had recently been divorced from his wife on the ground of adultery and that the final decree about to be entered in that action would prohibit him from remarrying in this State, particularly in view of the fact that the parties agreed to be married in another State, where

the decree could be avoided. There is no difference, in principle, between an agreement to circumvent a decree already entered and a similar agreement involving a court's decree made in fact, though still not formally recorded.

ACTION for breach of promise to marry.

*Joseph C. Thomson,* for the plaintiff.

*Pallister & O'Connell* [*C. V. Pallister* of counsel], for the defendant.

EVANS, J. Plaintiff has the verdict of a jury for $7,000 in an action for breach of promise of marriage. She had married William Kastner, an army officer, and two children were born to them. When her supposed husband was discharged from the army, she read his certificate of discharge and discovered that, when he had married her, he already had a wife living. She thus found herself, without any fault on her part, with no lawful husband and two illegitimate children. In that unfortunate situation, she determined to continue to live in the same house with Kastner, but in separate rooms, having no relationship whatever with him, except that both went to work and contributed to the support of the children and the common home. She then became acquainted with defendant. Before any discussion as to marriage took place, defendant informed her that he had recently been divorced from his wife on the ground of adultery, and that the final decree, about to be entered in that case, would prohibit him from remarrying in this State. Plaintiff concedes that this was disclosed to her before defendant made any promise of marriage; and, in view of that direction expected to be made by the Supreme Court, she says they agreed to be married, in the future, in another State, where the expected decree could be avoided. After the promise of marriage was made such a decree was signed by a justice of the Supreme Court. Confident that defendant would keep his promise to marry her, she submitted herself to his embraces, with the result that she now has a third child, which she says the defendant fathered. But the record stands undisputed, that she was fully aware of defendant's inability to marry her without violating a decree of the Supreme Court, which the parties expected would naturally follow the decision on the divorce case. If the decree of divorce had actually been signed at the time defendant made the disclosure, the contract upon which plaintiff sues would clearly not be enforcible in the courts of this State. (*Haviland* v. *Halstead,* 34 N. Y. 643.) I can see no difference, in principle, between an agreement to circumvent a decree already entered, and a similar agreement with regard to a court's decision made in fact, though still formally unrecorded. I think the principle laid down in the *Haviland* case applies with equal force at bar. The motion to dismiss plaintiff's complaint on the merits is, therefore, granted.