LILLIAN MENDAL POPIELAWSKI, Respondent, *v.* FREDERIC ADAM GIMBEL, Appellant, Impleaded with MARIO DE RIVERA, Defendant.

First Department, April 29, 1932.

George W. *Whiteside* of counsel [*J. Arthur Leve* with him on the brief; *Chadbourne, Stanchfield & Levy,* attorneys], for the appellant.

*Harry A. Gordon,* for the respondent.

TOWNLEY, J. This is a tort action alleging a conspiracy to cause plaintiff to contract a marriage with her present husband on the representation made by defendant Rivera, a pretended medium, that he would die in six weeks. The marriage took place because plaintiff thought she could by the shock reawaken the love of her *fiancé,* defendant Gimbel. Plaintiff was duped by Gimbel and Rivera, the love did not revive, and plaintiff is left with a titled but otherwise unsatisfactory husband. She accordingly demands $2,000,000 damages.

If this complaint be construed as an action for damages for inducing the breach of a marriage contract, the action does not lie. (*Ryther* v. *Lefferts,* 232 App. Div. 552, and cases there cited.) Considered as an action to recover damages for the fraudulent inducement of plaintiff's marriage to the count resulting in the impairment or destruction of her rights under her contract with defendant, the complaint must be dismissed. We think that a plaintiff cannot be heard to say that she voluntarily married a third person on the assurance that that man would die within six weeks or that the marriage could be annulled. This voluntary act on the plaintiff's part was so contrary to good morals and the sound public policy which protects the status of marriage that no recovery should be allowed. Plaintiff by her actions has put herself in *pari delicto* with the defendant conspirators. " No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa* * * * there the court says he has no right to be assisted." (*Holman* v. *Johnson,* [1775] 1 Cowp. 341.)

Plaintiff claims to have made a pretended unconsummated marriage. This was as much an immoral act on her part as any acts of misrepresentation alleged to have been made by the defendants. The quality of the act voluntarily done by plaintiff in reli-

ance on the representations must be taken into consideration before any legal sanction may be given to plaintiff's claims.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., and McAVOY, J., concur; MARTIN and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). If the person with whom the plaintiff contracted the pretended marriage was an innocent third party, there would be force in the position taken in the prevailing opinion. Here, however, the allegations of the complaint are that the person with whom the marriage was entered into was an agent of the defendants and, therefore, a co-conspirator. The plaintiff should not be barred from relief by acts induced by the fraudulent misrepresentations of the defendants and their agent. It is to be borne in mind that we are concerned merely with a matter of pleading and not with the probability of plaintiff's success.

I, therefore, vote to affirm the order appealed from.

MARTIN, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.