ELSIE LEFFERTS, Respondent, *v.* HARRY M. LEFFERTS, Appellant.

First Department, January 25, 1935.

*Julius Schwartz* of counsel [*Hamilton Lieb* with him on the brief; *Furst, Schwartz & Schwager*, attorneys], for the appellant.

*Solon Rosenthal,* for the respondent.

O'MALLEY, J. Plaintiff's marriage to defendant in Indiana having been declared invalid in this State, has she a cause of action against him for fraud, predicated upon his statement to her that a marriage contract between them in Indiana would be valid and recognized by courts of competent jurisdiction everywhere?

The complaint alleges that at certain times prior to November 22, 1917, the defendant urged and requested plaintiff to enter into a contract of marriage with him; that plaintiff had theretofore obtained a decree of divorce by publication in Nevada from one Oppenheim, all of the facts and surrounding circumstances being known to defendant; that he, for the purpose of inducing plaintiff to contract with him and with the intent that plaintiff believe that such statement was made on his personal knowledge, stated that a marriage in Indiana would be valid and recognized by courts of competent jurisdiction everywhere; and that said statement was made by defendant without having knowledge whether the same was true or false, and without having reason or grounds to believe it to be true and with reckless disregard of the injury which might thereafter be caused plaintiff.

It is further alleged that plaintiff, believing the representations to be true and in reliance upon them, was induced to marry defendant in Indiana on the date mentioned; that thereafter they lived together as husband and wife in this State; that plaintiff never would have entered into the marriage had defendant not made the representations and had she not relied thereon; that the statement and representations were not true and that plaintiff was deceived thereby; that the marriage in Indiana was not valid and recognized by courts of competent jurisdiction everywhere, but that its invalidity has been declared by the courts of this State. She seeks general damages in the sum of $50,000. No equitable relief or remedy by way of restitution is involved.

While this court in declaring the invalidity of the Indiana decree characterized defendant's conduct as " thoroughly reprehensible " (238 App. Div. 37, 38; affd., 263 N. Y. 131), we will not go beyond the four corners of the pleading to aid the plaintiff.

Marriage is still regarded in this State as a civil contract. (*Mirizio* v. *Mirizio*, 242 N. Y. 74.) We have then presented a situation where defendant, to induce plaintiff to enter into a civil contract, stated that it would be valid in this jurisdiction. Both parties agree that as a general proposition an action for fraud cannot be based, nor relief granted, upon a misrepresentation of the law or the legal effect or consequence of a personal transaction or contract. (*Amherst College* v. *Ritch*, 151 N. Y. 282; *Duffany* v. *Ferguson*, 66 id. 482; *Reiss* v. *Levy*, 175 App. Div. 938; *Lexow* v. *Julian*, 21 Hun, 577; affd., 86 N. Y. 638; 2 Cooley Torts [4th ed.], § 353, p. 575.)

It is urged by the plaintiff, however, that she comes within the exception to the general rule, since she claims that a relation of trust or confidence between the parties obtained. (*Dambmann* v. *Schulting*, 75 N. Y. 55; *Haviland* v. *Willets*, 141 id. 35.)

We are of opinion, however, that the pleading does not disclose a confidential relationship within the authorities. It is not even alleged that the engagement existed between the parties when the statements were made. The statements were of law, not of fact. The validity in this jurisdiction of a foreign divorce and subsequent marriage is for our courts to determine upon the facts as one of law. (*Olmsted* v. *Olmsted*, 216 U. S. 386; *Haddock* v. *Haddock*, 201 id. 562; *Fischer* v. *Fischer*, 254 N. Y. 463; *Williams* v. *Williams*, 130 id. 193.)

Even though the statements were made in Indiana, and it might be urged that they were of foreign law (New York), which ordinarily is a matter of fact (*Southworth* v. *Morgan*, 205 N. Y. 293, 296), the result would not be different. There would be no mixed question of law and fact to be determined upon the trial, as the question relates to validity under the laws of this State, and consequently is still one of law. (*Van Slochem* v. *Villard*, 207 N. Y. 587, 590.)

Upon the face of the complaint, moreover, we deem it to set forth nothing more than an expression of opinion on the part of the defendant as to the law of this jurisdiction. Again, no cause of action would arise through the falsity of such opinion though it were of foreign law. (*Van Slochem* v. *Villard, supra,* 590.)

It follows, therefore, that the order appealed from denying the motion to dismiss the complaint for insufficiency should be reversed, and the motion granted, with leave, however, to the plaintiff to plead anew, if she be so advised.

MARTIN, P. J., MCAVOY, TOWNLEY and GLENNON, JJ., concur.

Order reversed and motion granted, with leave, however, to the plaintiff to plead anew, if she be so advised.