Garvin, J.
At the close of the testimony, motions were made to dismiss and for a direction of a verdict in defendant’s favor. After the jury had rendered its verdict motions were made to set the verdict aside and for a dismissal of the complaint. Upon all of these decision was reserved.
The first question presented is whether the proof has established the cause of action set forth in the complaint. Plaintiff seeks to recover upon the ground that deceased, defendant’s intestate, was married to defendant; that plaintiff met him not knowing of his marriage and became engaged to him; that as soon as she learned that he was a married man she refused to continue the engagement; that he later obtained a divorce which is invalid; he told plaintiff, however, that he had secured a divorce and was therefore free to marry her; the proof is not clear as to whether he mentioned that the divorce which he had obtained was a Mexican divorce; upon this representation the engagement was renewed and he eloped with plaintiff to Connecticut where 'they were married; thereafter a child was horn of the marriage after plaintiff had called upon a physician and had been treated so that she was able to bear a child — which had been impossible theretofore; when plaintiff ascertained later that in fact and in truth the deceased had not obtained a valid divorce she left him at once; later he died.
The suit is brought by plaintiff as an action in fraud. The defendant is the first wife of the deceased and the administratrix *476 of his estate. The jury rendered a verdict in the sum of $10,000. The court is of the opinion that upon this state of facts plaintiff had a right to recover, assuming that the jury, as it did, accepted the testimony offered in her behalf relating to the foregoing facts. The representations made by the deceased to the plaintiff must be viewed, it seems to the court, in the light of all the surrounding circumstances. She, the plaintiff, was a woman of definite limitations. Her family had little money and as a young girl she was obliged to earn her own living. It may reasonably be assumed that she was by no means well educated. What the deceased told plaintiff, in the opinion of the court, would be looked.upon by the-average person who heard it as an unqualified representation that he, the deceased, had obtained a divorce from defendant and was free to marry plaintiff. It is altogether possible that he did make reference to a Mexican divorce, but, taking the entire testimony in the case, it appears to the court that that reference was casual and incidental in comparison with the outstanding representation which he undoubtedly made that he had divorced his first wife and was free to marry plaintiff.
Defendant insists that the representation was one of law only, relying upon the case of Lefferts v. Lefferts (243 App. Div. 278). The court is of the opinion that the facts in the case at bar are wholly different from those of the Lefferts case, and are not unlike those of the case of Blossom v. Barrett (37 N. Y. 434).
Furthermore, assuming that the record establishes that the representation by the deceased was one of law, with which assumption the court does not agree, it was established that plaintiff had actually been engaged to the deceased and had broken off her engagement when she learned he was married; she therefore had occupied, and continued to occupy, a position of trust or confidence with respect to him, which gave her a right to know the actual and absolute truth with regard to the divorce to which deceased referred. It seems to the court that the fact that the engagement was not actually in existence when deceased’s statements were made, is of no consequence. There had been the engagement, and plaintiff was willing — indeed she was most anxious — to marry deceased if she had the legal right so to do. These circumstances, in the opinion of the court, put her in the position of trust and confidence to which the court referred in its opinion in the Lefferts case (supra). If the foregoing conclusions are correct plaintiff is entitled to the relief sought and all motions must be denied.
Motions denied. Thirty days’ stay and sixty days to make a case.