## (April 12, 1948.)

In the Matter of Rose Watkins et al., as Tenants in Common, Petitioners, against Henry L. Ughetta, a Justice of the Supreme Court of the State of New York, et al., Respondents.— (No. 324.) In the course of widening Van Wyck Expressway in the borough of Queens, forty-eight one and two-family houses are required to be removed. Under the authority of sections 381 and 384 of the New York City Charter and section 384-15.0 of the Administrative Code of the City of New York, the city proposes to condemn land, of which petitioners' property is a part, located some distance from the Expressway, and to relocate the forty-eight houses thereon. This is an application by petitioners to this court for an order in the nature of prohibition, restraining the Justice assigned to the condemnation part, the City of New York and its corporation counsel, from making and entering any order and from taking any further proceedings, etc., looking to the acquisition in condemnation of petitioners' property, on the ground that the property sought to be taken is not for a public use and because the section of the Administrative Code under which petitioners allege the city is proceeding is in violation of the Federal and State Constitutions. Application denied, without costs, on the ground that petitioners' property is being taken for a public use. (*Brown* v. *United States*, 263 U. S. 78.) The city is not proceeding to condemn under the authority of section 384-15.0 of the Administrative Code, added by chapter 898 of the Laws of 1947, but under the authority of sections 381 and 384 of the New York City Charter. The cited section of the Administrative Code is the authority for the relocation. (No. 325.) In view of the decision in *Matter of Watkins* v. *Ughetta* (No. 324, decided herewith) the motion is dismissed, without costs, as academic. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

Sylvia Benintendi, Respondent, v. Marie Benintendi, as Administratrix of the Estate of James V. Benintendi, Appellant.— Action to recover damages for fraud, based on representations by the decedent that he was divorced and competent to marry the plaintiff when the fact was that he was incompetent to do so. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See *post*, p. 1016.]

Concepcion Carrillo et al., Appellants, v. Green Bus Lines, Inc., Respondent.— Action to recover damages for personal injuries sustained by plaintiff wife while she was attempting to board a bus, and by her husband for medical expenses and loss of services. Judgment for defendant, dismissing the complaint on the merits at the close of the entire case, reversed on the law and a new trial granted, with costs to appellants to abide the event. The motion to dismiss should not have been granted since there was evidence which, if credited by the jury, would have sustained the conclusion that a prima facie case had been established as to the identity of the bus, the negligence of the defendant, and the plaintiff wife's freedom from contributory negligence. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.