■ JOSEPH PLUCHINO, Respondent, v. DOROTHEA PLUCHINO, Appellant.— In an action to annul a marriage, the appeal is from an order granting respondent's motion to dismiss the second counterclaim in the second amended answer on the ground that it does not state facts sufficient to constitute a cause of action, with leave to plead over. Prior to the service of the second amended answer, respondent's action had been severed and had resulted in a judgment annulling the marriage and granting no alimony to appellant. The counterclaim is in reality, although not in form, an independent action to recover damages for fraud based on alleged fraudulent representations that induced appellant to marry respondent. On this motion, the facts alleged must be assumed to be true. Appellant's prior husband had obtained a decree in New York divorcing appellant for her adultery. By virtue of section 8 of the Domestic Relations Law, appellant could not contract a valid marriage in New York without prior modification of the divorce decree. Prior to her marriage with respondent, she disclosed the facts and circumstances of the divorce to him and that she believed she was under a disability to contract a valid marriage with respondent in New York, without a motion to modify the divorce decree to permit her to marry him. Respondent, knowing the facts and that appellant was under a disability to marry in New York without modification of the divorce decree, informed her that it was not necessary to obtain a modification of the decree and advised her " that she was legally capable of contracting a valid marriage with him, and that he had been so informed by his lawyer to whom he had submitted the facts with reference to the divorce decree." She further alleges that these representations were false, that she relied on them and was induced to marry respondent; that the marriage took place in New York, and that thereafter respondent instituted an action to annul the marriage on account of the aforesaid disability and obtained a judgment annulling the marriage. Order affirmed, with $10 costs and disbursements. There is no direct allegation that respondent represented that a valid marriage could be contracted in *New York* without modification of the decree. We shall assume that the counterclaim alleges that such a false statement was made. (See, e.g., *Haviland* v. *Halstead,* 34 N. Y. 643, and *Kastner* v. *Stein,* 130 Misc. 840.) To hold that such counterclaim is good as a pleading would be contrary to the public policy of this State (*Sweinhart* v. *Bamberger,* 166 Misc. 256, affd. 254 App. Div. 665) and would place a premium upon appellant's negligence. There are no allegations that show such a relationship between the parties as to place respondent in a strict fiduciary relationship and accountable to appellant for the statements. (See, e.g., *Roller* v. *Stanly,* 302 N. Y. 736, and cf. *Municipal Metallic Bed Mfg. Corp.* v. *Dobbs,* 253 N. Y. 313.) There are no allegations that show the parties were engaged or otherwise in a relationship of trust and confidence. (*Lefferts* v. *Lefferts,* 243 App. Div. 278; cf. *Benintendi* v. *Benintendi,* 1 Misc 2d 474, affd. 273 App. Div. 969, affd. 298 N. Y. 848.) Respondent committed no fraud upon any court. (See, e.g., *Honig* v. *Honig,* 267 App. Div. 908, appeal dismissed 293 N. Y. 856, and *Caldwell* v. *Caldwell,* 298 N. Y. 146.) His prosecution of the annulment action did not of itself give her a cause of action. (*Price* v. *Price,* 75 N. Y. 244.) The relief now available to a guilty wife in an annulment action (*Johnson* v. *Johnson,* 295 N. Y. 477) does not create a cause of action in fraud under the circumstances present here. Nor is section 112-f of the Civil Practice Act of avail to appellant. (See, e.g., *Sylvester* v. *Bernstein,* 283 App. Div. 333, affd. 307 N. Y. 778, and *Roller* v. *Stanly,* 302 N. Y. 736, *supra.*) Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.