Per Curiam.

In this action plaintiff failed to establish the element of deception which is prerequisite in an action for damages for fraud. (Ochs v. Woods, 221 N. Y. 335; Schumaker v. Mather, 133 N. Y. 590, 596; Sylvester v. Bernstein, 283 App. Div. 333, affd. 307 N. Y. 778.)
Moreover, the misrepresentation was not actionable inasmuch as it was in essence a misrepresentation of law or a mere expression of opinion on the part of the defendant as to the legal effect or consequence of what plaintiff did. (Lefferts v. Lefferts, 243 App. Div. 278; Amherst College v. Ritch, 151 N. Y. 282; Reiss v. Levy, 175 App. Div. 938; Van Slochem v. Villard, 207 N. Y. 587; Levin v. Levin, 253 App. Div. 758; Benintendi v. Benintendi, 1 Misc 2d 474, affd. 273 App. Div. 969; Roller v. Stanley, 302 N. Y. 736.) In the instant case recovery would be contrary to public policy since plaintiff seeks redress for his admitted false statements of fact on the theory that he was *469 defrauded into believing that his false statements were unimportant. (Riggs v. Palmer, 115 N. Y. 506, 511; Popielawski v. Gimbel, 235 App. Div. 198,199, quoting from Holman v. Johnson [1775], 1 Cowp. 341.)
The judgment should be unanimously reversed upon the law and facts, with $30 costs to the defendant, and complaint dismissed, with appropriate costs in the court below.
Concur — Pette, Hast and Brown, JJ.
Judgment reversed, etc.