Murray T. Feideu, J.
Plaintiff moves to strike out the separate defense and counterclaim contained in the amended answer upon the ground that, as a defense, it is insufficient in law, and, as a counterclaim, fails to state facts sufficient to constitute a cause of action.
The action is for the annulment of a marriage upon the ground that plaintiff and defendant, both residents of the State of New York, are uncle and niece, and accordingly, that such marriage is null and void (Domestic Relations Law, § 5). The amended answer fails to deny the allegations of the complaint. However, after a plea for alimony and counsel fee within the provisions of section 1140-a of the Civil Practice Act, the said answer essays to plead a separate defense, also designated as a counterclaim, wherein damages are sought for plaintiff’s allegedly false and fraudulent representations which induced the marriage.
The substance of some of the allegations contained in the amended answer, to which the instant motion relates, states: The parties became formally engaged on or about October 4, 1960; that after the engagement but prior to the marriage, the plaintiff stated to defendant that he had consulted a lawyer and a rabbi, both of whom had advised plaintiff that the relationship of the parties presented no bar to a valid marriage and that it would be legal and binding; that plaintiff had represented to the licensing authority that there was no impediment to the marriage; that said representations made by plaintiff were false and were known by plaintiff to be false, and were made with *884 the intent to deceive and defraud the defendant and to induce her to marry him; that the defendant believed these representations to be true and was induced thereby to marry the plaintiff and would not otherwise have married him; that after the commission of the fraud and with full knowledge thereof, plaintiff cohabited with the defendant and accepted the benefits of the marital relationship; that at the time of the marriage plaintiff had full knowledge of all the facts alleged in the complaint and married defendant with such knowledge; that plaintiff entered into a written antenuptial agreement with defendant wherein he promised to bequeath to her the sum of $25,000; that he had asked her to leave her employment, stating that he would take care of her for the rest of her life; that she had left her employment and was presently unemployed.
The “ Wherefore ” clause, while not seeking dismissal of the complaint, demands judgment on the counterclaim in the sum of $50,000.
In her amended answer, the defendant has intermingled, with the basic allegations spelling out her cause in fraud and deceit, allegations which purport to be defenses in the nature of estoppel in that (1) plaintiff, by reason of his conduct in the premises, should be estopped to maintain his cause; (2) that plaintiff, with knowledge of the facts, cohabited with the defendant; and (3) that plaintiff made false statements to the licensing authority.
Even assuming such defenses to have been adequately pleaded, none thereof would be sufficient to defeat plaintiff’s cause of action; hence, such defenses may not survive this challenge to their legal sufficiency. In Landsman v. Landsman (302 N. Y. 45) and Beaudoin v. Beaudoin (270 App. Div. 631), the plea of estoppel did not suffice as a defense to an action such as that at bar; nor will defenses based on cohabitation with knowledge of the facts (McCullen v. McCullen, 162 App. Div. 599) or perjury in a marriage application (De Santis v. De Santis, 20 Misc 2d 16) prevail as defenses to an action seeking to have a void marriage declared a nullity.
In essence, defendant’s counterclaim is premised upon the representations contained in paragraph “ Tenth ” of the amended answer to the effect that plaintiff possessed legal capacity to contract the marriage, that the relationship of the parties presented no impediment, and would not be “ a legal bar to a good marriage.” Assuming — as we must upon a motion of this character — that the representation was, in fact, made, it is, patently, one of law, and an action for damages for fraud and deceit may not be maintained where founded upon *885 a misrepresentation of law (Trustees Amherst Coll. v. Ritch, 151 N. Y. 282; Reiss v. Levy, 175 App. Div. 938; Magalinck v. Empire State Mut. Life Ins. Co., 13 Misc 2d 468).
A recognized exception to the stated rale subsists where one of the parties has a right to rely upon the representations of the other, by reason of the confidential relationship existing between the parties (Lefferts v. Lefferts, 243 App. Div. 278; Benintendi v. Benintendi, 1 Misc 2d 474, affd. 273 App. Div. 969, affd. 298 N. Y. 848; Pluchino v. Pluchino, 1 A D 2d 831). It is true that the facts alleged by the defendant during the engagement of the parties would be sufficient to establish a confidential relationship (Pluchino v. Pluchino, supra). However, the cases last above cited are readily distinguishable from that which here obtains because of the divergence of the underlying facts and, accordingly, are inapplicable to the instant situation as authority. In those cases one of the spouses, having been a party to an action brought to terminate a prior marriage, had made representations to the other party concerning the legal termination of such prior marriage, which such other party under the circumstances was under no duty to investigate.
In the instant situation, both parties were fully aware of the existing relationship, and the exploration of the subject as to the legal effect of the incestuous marriage was equally available to both. The validity of the marriage at issue is dependent upon the degree of the relationship of the parties, and, unlike the situation in the cited cases, does not rest upon representations concerning the effect of a prior decree of divorce.
The public policy of this State, as expressed in section 5 of the Domestic Relations Law and section 1110 of the Penal Law may not be circumvented or overruled by the representations of one of the parties to a marriage that the law is at variance with such statutory expression. The motion is accordingly granted.