■ PHILIP RUSSELL, Respondent, v. ANDREW PITTEL, Appellant, et al., Defendant.— In an action to recover damages for personal injuries allegedly sustained in a collision between two motor vehicles, defendant Pittel appeals from an order of the Supreme Court, Richmond County, dated October 10, 1961, which denied his motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint as to him. Order affirmed, with $10 costs and disbursements. The complaint alleges that plaintiff was a passenger in a vehicle owned and operated by the defendant, Russell, and that such vehicle crossed from the eastbound lane of the roadway and collided with a vehicle (owned and operated by the defendant, Pittel) which was traveling in the westbound lane. *The action is brought against the owners-operators of both vehicles;* the appeal is by the defendant owner-operator of the westbound vehicle. In our opinion the record discloses triable issues of fact which must await a trial. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ NORMAN SILVER, Respondent, v. QUEENSBORO FARM PRODUCTS, INC., Appellant.— In an action to recover commissions alleged to be due pursuant to a contract, defendant appeals from so much of an order of the Supreme Court, Queens County, dated February 15, 1962, as denied its motion, made pursuant to subdivision 1 of rule 102 of the Rules of Civil Practice, to require plaintiff to serve a second amended complaint which shall be more definite and certain with respect to certain paragraphs of the present complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ ALBERT I. SIMMS, Appellant, v. EVA J. SIMMS, Respondent.— In an action to declare a marriage between the parties, uncle and niece, as void *ab initio* under subdivision 3 of section 5 of the Domestic Relations Law, plaintiff (the uncle) appeals from so much of a judgment of the Supreme Court, Kings County, entered January 2, 1962 upon the decision of the court, after a nonjury trial, as directed him to pay defendant $50 a week for her support and maintenance. The judgment also directed plaintiff to pay to defendant a $500 counsel fee. While originally plaintiff appealed from this portion too, he has since paid the counsel fee and has abandoned his appeal with respect thereto. Judgment, insofar as appealed from, affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [31 Misc 2d 882.]