TOBIN PACKING Co., INC., Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, June 29, 1973.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Ruth Kessler Toch* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle (Ruth B. Rosenberg* of counsel), for respondent.

DEL VECCHIO, J. P. In 1967 defendant appropriated land along the north edge of adjoining properties owned by plaintiff and by the D'Amicos for Interstate Highway 580, as a consequence of which the properties were deprived of access to

Campbell Street which had abutted the lands on the north. The D'Amicos, who operated an automobile and truck repair business on their property which was improved by two garage buildings, were left with access only to Maple Street on the south. In 1969 defendant appropriated a 20-foot strip running westerly across the north edge of plaintiff's remaining, unimproved, property from the boundary line of the D'Amicos' land on the east a distance of 121.22 feet to a public street*, for the purpose of obtaining title and transferring the same to the D'Amicos to provide highway access at the north end of their property, thereby replacing the access destroyed by the 1967 taking.

Plaintiff brought this action pursuant to article 15 of the Real Property Actions and Proceedings Law to bar defendant from any claim to the 20-foot strip taken in 1969. The judgment appealed from has invalidated the "substitute appropriation" effected under subdivision 24-d of section 10 of the Highway Law, because it occurred almost two years after the original taking which destroyed the access sought to be re-established by the second appropriation, and because it "was an attempt to save the State consequential damages under the cloak of a substitute access appropriation" (69 Misc 2d, at p. 329).

Subdivision 24-d of section 10 of the Highway Law authorizes the Commissioner of Transportation to acquire property necessary to re-establish private access to a public road when the private access has been destroyed by an acquisition for highway purposes, and to enter into an agreement with the owner of the private access to convey the property to him.

We find nothing in the statute that requires the remedial taking occur simultaneously with or in close temporal proximity to the taking that creates the necessity for the re-establishment of private access. In the present case there is ample justification for the time lapse between the two takings. After the first appropriation in 1967 which destroyed their access to Campbell Street, the D'Amicos filed a claim against the State seeking compensation both for the land taken and for consequential damages sustained by the area unappropriated. Defendant was negotiating a settlement of that claim when in 1968 *Priestly* v. *State of New York* (23 N Y 2d 152) was decided. As a result of the holding in that case that compensable consequential dam-

---

\* Plaintiff called the Rochester Superintendent of Streets, who stated that the street had not been paved for many years. The same witness testified, however, that the street had been patched and gravel put in. The Rochester Superintendent of Maps, whose testimony was undisputed, stated that the street was a dedicated street.

ages may result from a taking that leaves an unsuitable access, defendant's Real Property Division of its Department of Transportation evaluated the effect of the *Priestly* case on the State's liability to the D'Amicos and concluded that its liability would be increased and that a substitute appropriation should be pursued to re-establish a suitable access. Then followed a period of conversation and negotiation with the D'Amicos to determine a substitute access that would be acceptable to them; all this was accomplished before the taking of plaintiff's property in 1969 for the substitute access.

The second appropriation was no less for a public purpose than if it had been done simultaneously with the appropriation of the D'Amicos' land for Interstate Highway 580. Integrally related to the taking of D'Amicos' Campbell Street access for the construction of Interstate Highway 580, it shared the same public purpose that permeated the highway project itself (*Dohany* v. *Rogers*, 281 U. S. 362; *Brown* v. *United States*, 263 U. S. 78; *Matter of Watkins* v. *Ughetta*, 273 App. Div. 969, affd. 297 N. Y. 1002). A public purpose existed also in prevention of the debilitation of property by leaving it with access less than suitable and making it less available for its highest and best use. Finally, the fact that the re-establishment of access mitigated the consequential damages for which the State would otherwise be liable did not negate the public purposes of the taking. The contrary argument was urged and rejected in *K J C Realty* v. *State of New York* (69 Misc 2d 99, affd. 32 N Y 2d 664). The case last cited also put to rest the contention argued before us by respondent that subdivision 24-d of section 10 of the Highway Law is unconstitutional.

The cases relied on by the court below are not decisive; they hold merely that the State cannot reduce damages subsequent to an appropriation by compelling an unwilling property owner to accept a substitute access.

The trial court did not reach the issue of the suitability of the access left to the D'Amicos after the destruction of their access to Campbell Street on the north. It stated however that, if the access to Maple Street was suitable and reasonable, the State could not appropriate a second access from plaintiff to convey it to the D'Amicos under color of authority of the Highway Law. With that we agree. We must therefore consider the question of suitability and, since this was a trial without a jury, we are authorized to make whatever determination should have been made by the trial court (CPLR 5522; *Recht* v. *Recht*, 36 A D 2d 939; *McAvoy* v. *Harron*, 26 A D 2d 452).

The record amply establishes that the single access on **Maple** Street left to the D'Amicos was not suitable to the use of the property for truck and auto repair purposes. There was substantial evidence that, whereas before the 1967 appropriation trucks under service or repair by the D'Amicos, which represented 80% of their business, entered and exited from the premises by the Campbell Street route, after the taking they were unable to gain access from Maple Street when the garage building, which extended across almost all but about 10 feet of the property, was not clear for passing through. There was proof also that trucks attempting to negotiate the narrow driveway alongside the garage sustained damages from contact with the building or fence, that wreckers towing damaged vehicles which before the 1967 taking had been stored on the premises behind the garage were unable to gain entrance to the property in any way after the taking, and that consequently regular customers were lost and business at the garage dropped off. In the words of witness Marcello D'Amico, they "have to have" a rear access.

The access left after the 1967 appropriation was clearly unsuitable. The State was therefore justified in effecting the substitute appropriation under subdivision 24-d of section 10 of the Highway Law to re-establish access for the D'Amico property by the taking of an inconsequential portion of plaintiff's land.

Accordingly, the judgment should be reversed and the complaint dismissed.

MARSH, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts without costs and complaint dismissed.