Sigmund S. Gass, Plaintiff, *v.* Alexander Arons, Defendant.

City Court of New York, Bronx County, February 24, 1928.

Judgments — judgment on admission under Civil Practice Act, § 476 — after trial commenced parties and attorneys conferred with judge, and defendant orally agreed to terms of settlement — stipulation was prepared as agreed but defendant refused to sign — judgment may be entered on defendant's admission — stipulation was equivalent to one made in open court under Rules of Civil Practice, rule 4.

During the course of the trial of this action a conference was had between the parties and their counsel and the judge in the judge's chambers. A settlement was agreed on orally by the defendant with the understanding that the same would be embodied in a written stipulation. The stipulation was prepared but the defendant refused to sign it and his attorney withdrew from the case.

The court has a right, under section 476 of the Civil Practice Act, to direct judgment for the plaintiff on the admission of the defendant.

While rule 4 of the Rules of Civil Practice declares that an oral stipulation will not be binding unless made in open court, the stipulation made in the judge's chambers will be considered as having been made in open court.

Motion by the plaintiff for judgment, under section 476 of the Civil Practice Act, for the full amount demanded by plaintiff in his complaint.

*Murray Bein,* for the plaintiff.

*Alexander Arons,* defendant, in person.

DONNELLY, J. The action is brought to recover the sum of $2,708.33, with interest from January 31, 1924, for breach of contract arising out of the failure of the defendant to pay to the plaintiff one-half of the rent of a certain loft leased to the parties as tenants in common. The action came on for trial before me on November 14, 1927; a jury was impaneled; three witnesses, including the plaintiff, had testified and the plaintiff had rested his case, when a conference between the parties and their counsel was had with me in my chambers, as the result of which the defendant agreed to pay to the plaintiff in full settlement of this action, and of another judgment obtained against him by this plaintiff in the Municipal Court and arising out of the lease which is the subject of this action, the sum of $1,400, payable as follows: $150 on January 15, 1928, and $50 on the fifteenth of each and every month thereafter until said sum of $1,400 shall have been fully paid. In the event of default in the payment of any of the said installments, judgment was to be entered by the plaintiff against the defendant for the full amount for which this action is brought, namely, $2,708.33. It was also understood and agreed between the parties that the defendant was to have five days' grace beyond the fifteenth of each and every month for the payment of any of the installments.

A written stipulation embodying these terms was to be prepared and signed by the parties on the day following the agreement before me. This stipulation the defendant refused to sign and likewise refuses to make payment of any of the installments, alleging, in an affidavit submitted by him personally on the return day of this motion, that his understanding was that the matter was to be taken into consideration by him and, if he assented to the terms, a stipulation would be prepared and signed.

The attorney who appeared for the defendant at the trial and at the conference before me did not appear on this motion, nor is the defendant now represented by any other attorney or counsel. The non-appearance of defendant's attorney on this motion is undoubtedly due to the fact that at the conference before me he stated, in substance, that if the defendant did not comply with the terms of the agreement, he, the attorney, would have nothing further to do with the matter.

At the conference before me the terms of the settlement as above set forth were noted by me in writing and repeated to the defendant, who agreed to them. At the defendant's request, the

plaintiff agreed that five days' grace beyond the fifteenth of each and every month would be given to defendant for the payment of the installments.

The conference in my chambers at which the settlement was reached consumed practically an hour and offers and counter-offers were made and discussed in detail before the terms were finally agreed to. The defendant was fully cognizant of the arrangements that were made and he took an active part in the discussion of each of the steps leading up to the agreement reached.

By section 476 of the Civil Practice Act it is provided: " Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of an action * * * if warranted by the * * * admissions of a party or parties * * *."

Defendant's discussion of and assent to the terms of the settlement constitute the admissions upon which judgment may be rendered against him by the plaintiff.

Rule 4 of the Rules of Civil Practice reads: " An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by his attorney or counsel, or reduced by consent to the form of an order and entered. This rule shall not apply to oral stipulations between counsel made in open court."

The instant application seems to me to come within the principles enunciated in *Lee* v. *Rudd* (120 Misc. 407), where an oral agreement, made out of court for the settlement of an action, was upheld, and the motion made thereon for judgment was granted. In the instant case the settlement of the action was made in open court. The mere fact that the actual discussion of and assent to the terms of the settlement took place in chambers and not in the court room is immaterial. The purpose of excluding the jury was to avoid the discussion in their hearing of matters which would have precluded a resumption of the trial before them if the action had not been settled. As was said in *Lee* v. *Rudd* (*supra*): " An agreement to settle does not have to be in writing; " and, further: " Even if a stipulation be verbal, the court will hold it to be effectual so as not to prejudice, deceive or defraud the opposite party, if he has relied and acted upon the agreement in good faith." (Citing cases.) In the instant case the agreement was accepted in good faith by the plaintiff who, in reliance upon the defendant's assent to it, consented to have the case marked settled during trial upon the record, and thus lost his opportunity to finish the trial at the term of court at which it was begun, when he was ready so to do. Motion granted. Submit order with notice of settlement.