W. B. DUNN COMPANY, Respondent, *v.* HENRY CORWIN, Appellant.

First Department, February 16, 1940.

*M. Robert Gadrich,* for the appellant.

*Marcus Katz* of counsel [*Max Hofmann,* attorney], for the respondent.

PER CURIAM. This is an action on a note made in the Commonwealth of Massachusetts, under seal, and signed in the presence of an attesting witness. It fell due on September 1, 1927. Plaintiff, the payee of the note, before maturity indorsed it to one Kerigan " without recourse." Plaintiff seeks (in an action instituted in 1939) to recover on the note against the maker, stating that judgment is sought " for the benefit of " Kerigan.

The complaint alleges that under the laws of Massachusetts a note made in the presence of attesting witnesses may be sued on by the original payee within twenty years after the cause of action arose. It further alleges that the foregoing provisions of the Massachusetts law mean that such suit may be brought in the name of the original payee for the benefit of the present holder.

Defendant moved to dismiss the complaint as insufficient. He also asserts that the cause of action is barred by our six-year Statute of Limitations. He contends that the law of the forum determines who are the proper parties to bring a suit, and controls the question of the Statute of Limitations applicable. We agree with defendant's contentions that the law of the forum applies to such matters. (See 3 Beale on Conflict of Laws, § 588.1 and § 603.1.) Nevertheless, we deem the present complaint sufficient. Liberally construed, the pleading states facts from which it might be inferred that the foreign law created substantive rights rather than a remedy. This question may better be determined on the trial after proof of the foreign law is received.

Under New York law (Civ. Prac. Act, § 47), the note being one under seal would be controlled by the twenty-year Statute of Limitations.

The order should be affirmed, with twenty dollars costs and disbursements.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Order unanimously affirmed, with twenty dollars costs and disbursements.