IRVING M. ARIEL, Respondent, v. JOSEPHINE M. ARIEL, Appellant,

First Department, February 18, 1958.

*B. Hoffman Miller* of counsel (*Jacob D. Fuchsberg,* attorney), for appellant.

*Morris H. Halpern* of counsel (*Morris E. Vogel* with him on the brief; *Morris H. Halpern,* attorney), for respondent.

*Per Curiam.* This is an appeal from two orders dated June 27, 1957 and September 6, 1957. They are further identified in the opinion.

In this action for absolute divorce, the answer contained a counterclaim for separation. The cause was sent out for trial on the framed issue of adultery, and after several conferences between the parties and their attorneys, an agreement was reached and a stipulation of settlement dictated into the record on April 4, 1956. By the terms of the agreement the plaintiff discontinued his action for absolute divorce and it was further provided that either party would " sign any paper or agreement necessary to effectuate this agreement."

No testimony was taken beyond the plaintiff's name and address.

The clerk's minutes contained the following notation: " Settled as per stipulation on the record. Action for divorce discontinued. Separation granted. Settle judgment."

Differences arose between the parties and the defendant submitted a proposed judgment on notice, providing for a judgment of separation, which included much of the language of the stipulation of settlement. The provision for the judgment of separation was based apparently upon the notation appearing in the clerk's minutes.

The plaintiff, by order to show cause, opposed the proposed judgment and sought to vacate the stipulation of settlement, claiming defendant had breached and repudiated the agreement, and that no formal document embodying the terms of the agreement had been signed.

The court in its opinion of June 24, 1957, pointed out that the defendant's counterclaim for separation had not been before it, that no testimony, formally or informally, had been taken on the issue and denied the application for entry of the proposed judgment of separation.

By order of June 27, 1957, the court of its own motion directed the correction of the clerk's minutes to conform to the court's minutes and the stenographer's record to indicate that the plaintiff's action for absolute divorce was discontinued, " and therefore her right to trial by jury was waived and the parties entered into a stipulation on the record."

The opinion of June 24, 1957, also found that both parties had repudiated the agreement of settlement, and granted the motion to vacate.

By order of September 6, 1957, the court vacated the stipulation of settlement, and the discontinuance of the action and directed that the same be restored to the equity calendar for trial.

The defendant appeals from the order of June 27, 1957, and the order of September 6, 1957.

As the court correctly pointed out, it had no power to enter a judgment of separation under the circumstances and on the record here (Rules Civ. Prac., rule 283). Moreover, the only action before it was one for absolute divorce. Obviously the court has the power to direct a correction of its minutes to conform to this fact (Civ. Prac. Act, § 105).

The agreement dictated into the record on April 4, 1956, included an unequivocal discontinuance by the plaintiff of the action for absolute divorce against the defendant and marked as well the settlement and termination of the matrimonial controversy. It was not requisite to the validity of the agreement that a formal written document be executed between the parties (Rules Civ. Prac., rule 4). There was neither ambiguity in language nor doubt of circumstance. It became a contract valid and enforcible creating new liabilities for the parties. The court cannot, on affidavit, vacate this settlement of separation which was independent of the action before it. The remedy, if any, must be by " an independent suit to upset the settlement for reasons that would invalidate a contract, such as fraud or overreaching ". (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Hegeman* v. *Conrad*, 284 App. Div. 969, 970.)

Accordingly, the order of June 27, 1957 should be affirmed, and the order of September 6, 1957, reversed, on the law, with costs to the appellant.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Order (of Sept. 6, 1957) unanimously reversed and the motion denied, with $20 costs and disbursements to the appellant.

Order (of June 27, 1957) unanimously affirmed.