5. Samuel Di Falco, S.
In this probate proceeding persons claiming to be distributees of the testator, joined by the Public Administrator representing unknown heirs, move the court for an order requiring the proponent, who asserts that she is the widow of deceased, to comply with the terms of an agreement which the moving parties contend had settled the probate controversy. The proponent has countered with a motion to dismiss their petition as insufficient in law (Eulcs Civ. Prac., rule 106, subd. 4).
It is apparently conceded that protracted negotiations to settle the matter were held between the parties and their counsel including the attorney for the Public Administrator and the late John Harlen Amen who then represented the proponent. It is alleged by her opponents that as a result of these negotiations culminating in a conference in chambers with the Surrogate, the proponent promised to pay the sum of $600,000 in consideration of the promise upon the part of the other parties, who will hereafter be called the respondents, to withdraw their objections to the will’s admission to probate. After further discussions and the exchange of fresh drafts an agreement was prepared in Mr. Amen’s office providing that distribution of the stipulated sum among the respondents would be postponed until their respective rights as among themselves were established after a hearing to ascertain the necessary pedigree facts. This agreement which was made subject to the Surrogate’s approval, was delivered to the attorneys for the other parties after Mr. Amen’s death. The moving parties assert that in this form it is specifically enforcible although unsigned and that its attempted repudiation by the proponent after its delivery is without effect. The proponent on the other hand adopts the position that the matter had gone no further than an executory accord which *793 bound neither party because of the fact that it was never incorporated in a writing signed by the person to be charged (Personal Property Law, § 33-a).
Much has been written in the past few years in connection with the question raised by the petition and the motion to dismiss it. The matter has been thoroughly explored and lighted in the opinions by Mr. Justice Breitel in Goldbard v. Empire State Ins. Co. (5 A D 2d 230) and in Blair & Co. v. Otto V. (5 A D 2d 276) in which the authorities were carefully reviewed. The holdings in those and earlier cases may be said to depend upon the application of the rule that an agreement of settlement is enforeible though not signed by the person to be charged if it contemplates a present exchange of promises for future performance so as to constitute them a satisfaction of the existing claim and so distinct from an executory accord. The contrary is true where instead of the substitution of new obligations for the old in the form of an exchange of present promises there is only a relinquishment of the earlier claim in consideration of a future performance of another act by the obligor.
The rule is illustrated in the comment of Mr. Justice Untermyer in Matter of Campbell (256 App. Div. 693, 695, affd. 281 N. Y. 685): “ The controlling principle has been stated as
follows: 1 The doctrine which has sometimes been asserted that mutual promises which give a right of action may operate and are good, as an accord and satisfaction of a prior obligation, must, in this State, be taken with the qualification that the intent was to accept the new promise, as a satisfaction of the prior obligation. Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord; and the original obligation remains in force.’ (Kromer v. Heim [75 N. Y. 574], supra.)”
■ The commentators and other authorities are in accord (Restatement, Contracts, §§ 417, 419; 6 Williston, Contracts [rev. ed.], § 1838 et seq., but especially §§ 1841, 1846, 1847; 6 Corbin, Contracts, § 1268 et seq., especially § 1293, pp. 148,149; 1937 Report of N. Y. Law Rev. Comm., p. 210 et seq.; Ann. 42 A. L. R. 2d 1319). The point is clarified further by Justice Beeitel’s observation in Goldbard (supra, p. 233) where he said: “ The question always is whether the subsequent agreement, whatever it may be, and in whatever form it may be, is as a matter of intention, expressed or implied, a superseder of, or substitution for, the old agreement or dispute; or whether it is merely an agreement to accept performance, in futuro, as future satisfaction of the old agreement or dispute.”
*794 On a motion under subdivision 4 of rule 106 ‘1 the only question before the court is whether a cause of action is alleged or can be fairly gathered from all the averments contained in the complaint and all that by reasonable and fair intendment can be implied from them” (5 Carmody-Wait, New York Practice, p. 52, and cases there cited) to which might be added the caveat that there be included in the gathering those documents incorporated in the pleading under attack (Sinclair v. Positype Corp., 237 App. Div. 525; Krieger v. Popular Pubs., 167 Misc. 5; Ciccolini v. United States Trust Co., 81 N. Y. S. 2d 699). In this case the court has before it the petition for compulsory performance and the agreement on which the petitioners rely. Assuming, as must also the proponent, that the facts therein are true (Reddington v. Elco Merchandizing Corp., 236 App. Div. 64; Sullivan v. Curtayne, 247 App. Div. 756) and required to give the pleading the benefit of the most favorable inferences to be drawn from the facts pleaded (Carmody-Wait, supra, p. 27), the court is of the view that on the present papers the proponent has not shown that the respondents’ promise to forbear was not given in consideration of her promise to pay as her opponents contend. The question of the intention of the parties is one of fact as the authorities cited earlier make clear and here it is one which cannot be resolved by naked reference to the petition and the agreement. The motion to dismiss is accordingly denied, with leave to the proponent to file her answer within 20 days of the entry of the order after which the matter will be placed upon my calendar for hearing on a date to be later fixed (Schonberger v. Culbertson, 231 App. Div. 257; Dunn Co. v. Corwin, 258 App. Div. 609).
Despite the ruling herein made it seems to the court appropriate at this time to suggest that the issue has been narrowed to the question of whether an agreement in the form asserted in fact resulted from the negotiations which took place between the parties and their counsel. Since the motion searches the record (Teller v. Prospect Hgts. Hosp., 280 N. Y. 456) it may be read to reach and permit the disposal of the collateral objections to the agreement asserted by the proponent as grounds for holding it invalid. The first of these raises the qustion of whether rule 4 of the Buies of Civil Practice is applicable and renders the instrument ineffective because of the fact that it has not been signed.
Buie 4 provides as follows: ‘1 An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by his attorney or counsel, or reduced by consent *795 to the form of an order and entered. This rule shall not apply to oral stipulations between counsel made in open court.” It is settled in this Department at least that agreements of settlement do not come within the purview of rule 4 which has been said to apply only to the disposition of incidental aspects of litigation. (Gass v. Arons, 131 Misc. 502; Smith v. Bach, 82 App. Div. 608; Langlois v. Langlois, 5 A D 2d 75.) Accordingly the objection is not available to the proponent as a defense to the petition and it is dismissed.
As to the second and third of the collateral objections urged by the proponent in support of her argument for dismissal of the petition, the fact that the agreement contained provisions for its subsequent execution does not invalidate it nor does the reference to the approval of the Surrogate. In Brause v. Goldman (10 A D 2d 328) the court said at page 332: “ Of course, when all the essential terms and conditions of an agreement have been set forth in informal written memoranda and all that remains is their translation into a more formal document, such an agreement will be capable of specific performance (Sanders v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209; No. 2 & 4 Roman Ave. v. Goddard, 220 App. Div. 138; Sherry v. Proal, 131 App. Div. 774, 143 App. Div. 928, affd. 206 N. Y. 726; People v. St. Nicholas Bank, 3 App. Div. 544, affd. 151 N. Y. 592; Corn v. Bergmann, 138 App. Div. 260). In such a case, there has been a full manifestation of mutual assent, and a complete meeting of the minds has been reached. All that remains is an integration of the agreement already made into another context which, unless otherwise specified, is not essential to evidence a consummated understanding.”
Whether this agreement is one which to be valid had to be in writing and subscribed under the provisions of section 33-a of the Personal Property Law is a question which depends for its answer on what the trial will show to have been the intention of the parties. If it was not required to be in writing, then the condition concerning its subsequent execution falls squarely within the operation of the foregoing rule and if the question as to intention is decided against the proponent the omission of the signatures would be of small consequence. The same rule applies with equal validity to the condition concerning the procurement of the Surrogate’s approval. If we assume that the agreement was one which had to be and was subscribed but that the approval of the court was not thereafter obtained, then it would not be effective but could hardly be considered under those circumstances an executory accord as between the parties who would unquestionably be bound if the approval had been forth *796 coming. If the agreement in suit is found to be one which did not require the signatures of the parties to be valid, then the condition would be in the same category as that in the case of a written instrument and for the same reasons as explained, it may not be employed to escape those obligations, if any, that the parties may be found to have assumed until and unless the court’s approval is denied.
For the reasons stated the court holds that the question of the validity of the agreement is not affected by rule 4 of the Buies of Civil Practice nor by the conditions concerning subsequent subscription and procurement of the Surrogate’s approval and that this is to be the law of the case. The motion is denied.