■ KIRKEBY-NATUS CORPORATION, Respondent, v. DANIEL GEVINSON et al., Defendants, and WILLIAM C. PAHL et al., Appellants.— Order unanimously reversed, without costs, and matter remitted to Trial Term of Onondaga Supreme Court for further proceedings in accordance with the following memorandum: In this litigation concerning the existence and tenor of an alleged agreement settling a consolidated action, respondent by an order to show cause attempted to enforce the alleged oral agreement on the grounds that it constituted a stipulation of settlement entered into under circumstances substantially equivalent to "open court" and was relied upon by the respondent to its prejudice. The affidavits are furnished by opposing counsel and raise sharply contested issues among which are the time of the alleged agreement and the authority of appellants' counsel. It would be premature to determine the applicability of CPLR 2104 in enforcing the alleged stipulation of settlement without first resolving the issues of fact raised by respondent's motion. Where there is direct conflict between the parties not only as to whether any settlement was ever reached, but also, if reached, the terms thereof, that conflict should be resolved upon common-law evidence before a court or referee, pursuant to CPLR 2218 (*Levine* v. *Levy*, 29 A D 2d 827). It is difficult to resolve sharply contested issues of this nature by affidavits alone. If it is decided as a result of the hearing that an agreement existed, consideration should also be given to the issue of prejudice raised by respondent in determining whether CPLR 2104, assuming it is found applicable, may be invoked (*Mutual Life Ins. Co.* v. *O'Donnell*, 146 N. Y. 275; *Langlois* v. *Langlois*, 5 A D 2d 75; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.04). (Appeal from order of Onondaga Special Term, denying motion to vacate default judgment.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ.