Harry T. Nitsbaum, J.
This is an action by the plaintiff to enforce an alleged oral stipulation of settlement. Plaintiff ■ insurance carrier, a subrogee of the parties who sustained the loss, brings this action for the sum of $800 on behalf of two plaintiffs whose baggage was lost in transit. The defendant raises several defenses relying mainly on the fact that the stipulation of settlement was not in writing and therefore not enforceable under CPLR 2104.
CPLR 2104 provides as follows: “ An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered. ” Both the courts and the practice commentaries have had varying views as to the applicability of this rule to oral stipulations of settlement. The authors of New York Jurisprudence are of the opinion that this statute does not apply to a stipulation of settlement (8 N. Y. Jur., Compromise and Settlement, p. 224).
Thomas A. Cannon in the original Practice Commentary to CPLR 2104 in McKinney’s Consolidated Laws of New York (Book 7B, CPLR, p. 672), states that “ The greater weight of authority supports the view that stipulations of settlement do not fall within the purview of this rule * * * and hence need not be subscribed by the parties or made in open court to be enforceable (Langlois v. Langlois, 1957, 5 A D 2d 75 * * *; Smith v. Bach, 1903, 82 App. Div. 608 * * *; In re Sakel’s Estate, 1961, 31 Misc 2d 791 * * * ).” However, *800 in the Supplementary Practice Commentary in McKinney’s Consolidated Laws of New York .(Book 7B, CPLB, p. 197), Joseph M. McLaughlin states with reference to Matter of Dolgin Eldert Corp. (31 N Y 2d 1) “A stipulation of settlement is an agreement covered by Buie 2104.”
It is the opinion of this court that each oral stipulation of settlement must be looked at individually to determine whether it should be enforced regardless of its failure to comply with CPLB 2104, whether because of a party’s reliance on it (Lee v. Rudd, 120 Misc. 407; Mutual Life Ins. Co. v. O’Donnell, 146 N. Y. 275), or because it is a “superseding agreement” (Langlois v. Langlois, 5 A D 2d 75) or an “ executory accord ” (Goldbard v. Empire State Mut Life Ins. Co., 5 A D 2d 230).
If the oral stipulation by its intention, expressed or implied, is a superseder of, or substitution for, the old agreement or dispute, then CPLB 2104 does not apply (Langlois, supra). On the other hand, if the oral agreement is merely an agreement to accept performance, in futuro, as future satisfaction of the old agreement or dispute, this would be considered an executory accord and must be in writing to be enforceable. The question before us then is whether the parties in our case intended the alleged oral stipulation entered into between the parties to be a superseding agreement or an executory accord.
The Appellate Division, Third Department, in Langlois (supra), was of the opinion that a settlement agreement should be construed as a superseding agreement, " if the original claim was a disputed and unliquidated claim, like a claim for damages in tort, in settlement of which the defendant agreed to pay a fixed sum upon delivery of a general release. ’ ’ (Langlois, supra, P. 77.) .
. In the case before me the oral stipulation arrived at between the parties left nothing to be done in the future: the agreement completely settled the matter. This was clearly a superseding agreement and in my opinion was not required to be in writing within the purview of the provisions of CPLB 2104. I find no merit in the other defenses raised in the defendant’s answer,
Arm’s length settlements reached between attorneys who have the apparent authority to negotiate such settlements are favored 4)y the courts and should not be negated in the absence of fraud of overreaching. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435.)
Judgment is accordingly granted to the plaintiff for the sum of $800 with interest from June 1, 1972.
Ten days’ stay.