■ Samuel M. Signer et al., Respondents, v. Morris Abramowitz et al., Respondents, and Theodore A. LaManna, Appellant.— Judgment, Supreme Court, New York County, entered on January 7, 1974, in favor of plaintiffs in the amount of $8,724, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, and the matter remanded for further proceedings. Order, Supreme Court, New York County, entered on or about December 28, 1973, granting the plaintiffs' motion to confirm the referee's report, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Even if it is assumed that the parties reached a definite and final agreement which they intended to be binding, subject only to the condition that MVAIC contribute $4,000 toward the settlement, and further, assuming that such condition was complied with, nevertheless, the agreement was not enforceable since it was not "in a writing subscribed by [appellant] or his attorney or reduced to the form of an order and entered." (CPLR 2104; *Matter of Dolgin Eldert Corp.*, 31 N Y 2d 1.) Nor can it be concluded that the agreement comes within the open court exception to the statute since the agreement was reached at a conference which was not recorded and which was informal, apparently taking place in the court's robing room (see *Matter of Dolgin Elbert Corp., supra,* pp. 9–10). In any event, the court should not have marked the case settled at the second conference with respect to this defendant since his attorney was not then present having previously been informed by plaintiffs' attorney that the condition upon which the agreement rested would not be performed. However, the complaint should not be reinstated as against the remaining defendants represented by MVAIC. With respect to those defendants, the action was severed and discontinued and all the terms of the settlement were carried out. Further, those defendants were not parties to the subsequent proceedings culminating in the judgment against the defendant-appellant and indeed, were not mentioned in that judgment. Concur — Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.