Marie T. Veith, as Administratrix of the Estate of John C. Veith, Deceased, Appellant, v ABC Paving Company, Inc., et al., Respondents.

Fourth Department, July 12, 1977

*Paul William Beltz, P. C. (Russell Quinlan* of counsel), for appellant.

*Smith, Murphy & Schoepperle (Frank Godson* of counsel), for respondents.

Marsh, P. J. Plaintiff appeals from an order which granted defendants' motion to enforce an agreement of settlement in the amount of $79,004.

Plaintiff, as administratrix of the estate of her deceased husband, commenced a wrongful death action and included a cause of action for conscious pain and suffering against defendants asserting that her deceased husband died as a result of a defective roller which he was operating on a road construction site. The affidavit of Robert Whetzle, counsel for defendants, alleges that the case reached the day calendar of Supreme Court, Erie County on January 27, 1975 and was marked "ready". The calendar Justice ordered a jury to be selected on January 28, 1975. Whetzle and plaintiff's counsel, Paul Beltz, commenced the selection of a jury. The jurors were seated and questioned until 4:45 P.M. when jury selection was adjourned until the following day. Settlement discussions were had between counsel for the parties. On January 29, 1975 further settlement discussions were had between counsel and

a settlement figure was agreed upon. The calendar clerk was advised that the case was settled and the jury was discharged. The records of the calendar clerk indicate the case was marked settled. Whetzle then advised the witnesses for the defendant and the liability insurance carrier that the case was disposed of. On January 29 Richard Schoepperle, of counsel, for defendants, wrote counsel for plaintiff: "This will confirm settlement of the above action during the course of jury selection in the amount of $79,004.00. From this amount there will be deducted the compensation lien in the amount of $19,004.00, so that the plaintiff and her attorneys will receive the amount of $60,000.00. We await receipt of closing papers."

Whetzle further alleges that the closing papers executed by plaintiff had not been received by June of 1975 and a telephone call to plaintiff's counsel elicited the assertion that the case was not settled. Mr. Beltz allegedly stated that he was having trouble obtaining the signature of plaintiff on the releases. When further inquiries as to the releases elicited no response from plaintiff's counsel, defendants moved on August 14, 1975 to enforce the settlement agreement.

In support of the motion to enforce the settlement agreement attorney Schoepperle alleged that when he engaged in discussions with Mr. Beltz concerning settlement figures and offered $70,000 to settle the case Beltz demanded $80,000. Beltz stated that he could not change his demand without conferring with the plaintiff's personal attorney, John Quinn, and with plaintiff. On the morning of January 29, Beltz advised Schoepperle that he had talked long distance with Mr. Quinn who was out of town and with plaintiff and that he could not reduce his demand. After further discussion Beltz and Schoepperle agreed on the figure of $79,004 with the compensation payment of $19,004 to be deducted.

Plaintiff, Marie Veith, in an affidavit opposing the motion of defendants, asserts that her late husband, John C. Veith, was killed in a work accident on September 17, 1970 leaving two infant children born on January 21, 1959 and April 15, 1960. She retained attorney John Quinn who, in 1972, retained Paul Beltz as trial counsel. Plaintiff was informed on January 27, 1975 that the case had been "jury ordered" and that a jury would be selected. On January 29, 1975 she was informed by Mr. Beltz that defendants had offered a settlement figure of $79,004, $19,004 of which would be required to pay the compensation lien, leaving a net settlement of $60,000. She dis-

cussed the matter with him and he told her to go home and think it over. She did not consent to these figures and never consented to a settlement of the case at that figure. She did not authorize Mr. Beltz, Mr. Quinn or anyone else to settle the case for the figure of $79,004 with a $19,004 deduction for the compensation lien. Attorney Beltz did not submit any affidavit on the motion by defendants to enforce the settlement agreement. The Justice at Special Term in his memorandum decision ruled that the practice of ccmmunicating settlement agreements to the calendar clerk presiding over the jury selection process has been regarded as tantamount to a settlement made in open court where the case is marked settled and the jury discharged.

CPLR 2104 provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered."

The Court of Appeals has interpreted the above section to require that a settlement must be spread upon the record when a court of record is involved. It is not vital that the open court stipulation be made in a courtroom or in the Judge's chambers as long as the formality of judicial proceedings is maintained. Not only are stipulations concerning the management of the litigation required to conform to CPLR 2104, but also stipulations settling the entire action (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1).

"Judicial proceedings in 'open court', wherever held, including chambers of course, and informal conferences in chambers or robing rooms or even a courtroom are manifestly disparate. Even before full reporting in open court became universal in courts of record, the formality, publicity, and solemnity of an open court proceeding marked it as different from the preliminary atmosphere attached to informal conferences elsewhere. Moreover, the proceedings in open court would always have some formal entries, if only in the clerk's minutes, to memorialize the critical litigation events. In the latter days, it has also meant an available full transcript beyond dispute and the fallibility of memory. * * * To extend the exception of CPLR 2104 beyond its meaning to cover purported agreements reached elsewhere is to extend a limited exception derived from necessity (yet with significant safeguards) to an uncontrollable area." (*Matter of Dolgin Eldert Corp., supra*, p 10.)

In the above case the Court of Appeals concluded that an oral agreement in chambers before a Judge and a clerk unmemorialized in writing did not constitute compliance with the open court exception to CPLR 2104. The court alluded to a situation where an oral agreement not made in open court might be enforceable if the elements of estoppel including reliance were present, citing *Gass v Arons* (131 Misc 502).

In *Gass v Arons (supra)* defendant and his counsel entered into an agreement with plaintiff and his counsel before the Judge presiding over the trial after the commencement of the trial and following the completion of plaintiff's case. The details of the stipulation of settlement were written down by the Judge during the course of an hour of conference among the parties. A written stipulation was to be prepared and signed the following day. The jury was discharged, the case marked settled upon the record but the defendant refused to sign the stipulation of settlement. The defendant had personally taken part in the settlement discussions and agreed to the final settlement terms which were to be embodied in the written stipulation. The court held that it considered the agreement to have been made in open court. Even were it considered to be made outside of court, the verbal settlement should be enforced, the court held, where the other party to the agreement had relied upon it and acted upon it in good faith and would be prejudiced. In *Gass* all the elements of an estoppel were present: a representation that the defendant would execute the written stipulation, an intent that it be relied upon, a reliance by the plaintiff and prejudice to plaintiff's position by the termination of the trial and discharge of the jury following the close of plaintiff's case.

The estoppel rationale expressed in *Gass v Arons (supra)* may well have application to the alleged verbal settlement agreement in the instant case. However, several questions must be resolved after an evidentiary hearing *(Kirkeby-Natus Corp. v Gevinson,* 33 AD2d 883). There should be a resolution of the question of the existence of an agreement. Defendants' counsel say they had a firm agreement for $79,004, whereas in opposition plaintiff stated in her affidavit that at no time did she agree to that figure, nor did she authorize her attorney to settle the case for that amount. There is no affidavit by plaintiff's counsel Paul Beltz, whose testimony would have particular relevance to the questions of the existence of a firm agreement upon the alleged settlement figure, including the

deductibility of the workmen's compensation lien and upon the authority of plaintiff's trial counsel to agree to a settlement upon the terms alleged in defendants' motion and supporting affidavits. The possibility of a bona fide misunderstanding upon the part of plaintiff is very real. She may have been willing to settle for $79,004, but was not willing to agree to the deduction of the workmen's compensation lien. Without her express or tacit approval her trial counsel would be without authority to settle the litigation *(Owens v Lombardi, 41 AD2d 438)*.

The order appealed from should be reversed and the matter remitted to Supreme Court, Erie County, for an evidentiary hearing to resolve the issues raised on defendants' motion to enforce the alleged oral settlement agreement. If the court should find an agreement of settlement, enforcement of such an agreement by order would be subject to approval of such settlement as required by EPTL 5-4.6.

MOULE, SIMONS, DILLON and WITMER, JJ., concur.

Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with opinion by MARSH, P. J.