■ MINNIE BERNSTEIN et al., Respondents, v MICHAEL SALVATORE, Doing Business as VERNON RICHFIELD ASSOCIATES, Appellant.—Order, Supreme Court, Bronx County, entered December 6, 1977, directing that the stipulation settling this action be vacated and the matter restored to the Trial Calendar, is unanimously reversed, on the law, without costs and without disbursements, and the stipulation is reinstated. In the instant case, plaintiffs had brought on a negligence action. At a pretrial conference, held in the Trial Judge's chambers, a settlement was reached and a stipulation dictated into the record; plaintiff agreeing that he and his wife would issue a general release. The Judge queried defendant as to voluntariness, whether he represented his wife and his understanding that another lawsuit was precluded, and received positive answers. Plaintiffs then moved through their attorney to void the settlement and restore the case to the Trial Calendar for any number of specious reasons. The court denied the motion

and before an order could be entered, the plaintiff husband moved *pro se* alleging, *inter alia,* that he had been badgered into settlement by court personnel. The court reaffirmed that the application under ordinary circumstances should again be denied, nonetheless granted the motion to spare court personnel needless concern over unsubstantiated charges. A contract of settlement, if valid in itself, is final and is to be sustained by the court. *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435.) A contract of this nature should be contested by a plenary suit to set the settlement aside. *(Kraft v Vassilaros & Sons,* 43 AD2d 972.) The trial court's memorandum makes it clear that by way of colloquy with plaintiff, the voluntariness and validity of the settlement was established to the court's satisfaction. The court may not, in the exercise of discretion, set aside a settlement where allegations of duress, i.e., "badgering" are not substantiated by the record *(Juhasz v New York City Tr. Auth.,* 49 AD2d 730), and when the stipulation itself is "definite and complete" *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1). That the plaintiff wife was also bound, though not present, is also clear. The husband stated that he represented his wife and so her presence at the settlement conference was not required *(Di Russo v Grant,* 28 AD2d 847). The plaintiff wife's participation in the case leaves little doubt that her interests and desires were consistent with those of her husband and that she intended that her husband and attorney should have the authority to protect them. She has expressed no objections to the agreement independent of those stated by her husband. If the agreement of settlement was complete when dictated into the record and assented to by the parties or by their counsel acting within the authority delegated to them, then it is binding notwithstanding the fact that the record was actually made in chambers rather than in the courtroom *(Owens v Lombardi,* 41 AD2d 438; CPLR 2104). (See, also, *Thompson Med. Co. v Benjamin Pharms.,* 4 AD2d 504.) Concur—Birns, J. P., Evans, Lane and Markewich, JJ.; Sandler, J., concurs in the result only.