OPINION OF THE COURT
Shanley N. Egeth, J.
The instant motion is another of a recent number of judicial applications addressed to this court which raise questions as the efficacy of a putative settlement agreement ostensibly consummated during the conduct of the court’s pretrial conference function.
This court views the performance of its mediative function in rendering judicial assistance to litigants and Bar *675 during a meaningful pretrial conference as one of its most significant and salutary expenditures of judicial time and effort. When properly achieved, without hint or exertion of undue external pressure, an amicable adjustment of differences between litigants is frequently the most ideal resolution of civil litigation, which furthers a greater respect for our institutions and the administration of justice, while providing the parties with a result which they can accept as economically and psychologically advantageous (see Maxie v Gimbel Bros., 102 Misc 2d 296). Our courts have long favored such an approach (see Matter of Hecht, 24 AD2d 1001). This process has attained greater importance during the current massive judicial efforts to combat undue civil calendar delay.
In this context, the validity and binding nature of the end product of such a procedure (stipulation or agreement) will frequently be determinative of the effectiveness of the process itself. It would appear that our courts will be increasingly called upon to apply, define and redefine the principles applicable to the efficacy of such agreements. CPLR 2104 renders them enforceable under certain conditions, and sanctions those made in open court (see Covert v Covert, 50 AD2d 622). Where there is no writing, and a dispute exists as to whether an agreement exists, enforcement will be withheld (Accarino v Hirsch, 6 AD2d 795; Rosen v Grand, 6 AD2d 799; see Veith v ABC Paving Co., 58 AD2d 257). Our Court of Appeals has dealt with these principles in Matter of Dolgin Eldert Corp. (31 NY2d 1) without conclusively determining or defining the effect of a robing room conference or the extent and nature of the writing required. The Appellate Division, First Department, has held that a nonrecorded robing room agreement does not meet the statutory open-court requirement (Signer v Abramowitz, 45 AD2d 677) but held otherwise when a stipulation is dictated of record (Bernstein v Salvatore, 62 AD2d 945; see, also, Owens v Lombardi, 41 AD2d 438). Recently this court invoked an estoppel against a party seeking to upset an agreement not stenographically recorded of record following a pretrial conference (Tenwood Assoc. v United States Fire Ins. Co., 104 Misc 2d 467). In a *676 case decided at the same time as the one at bar, this court is holding that an agreement not dictated of record, made by a nonadmitted employee of an attorney for a party, can not meet the CPLR requirement for enforcement of an open-court agreement.
THE MOTIONS
Movant Lynn Fox has moved to enforce and compel compliance with an alleged agreement settling the above-captioned companion actions made in open court at Trial Term Part XI, and there stenographically dictated of record, which provides, inter alla, for the mutual discontinuance, with prejudice and without costs, of both actions. Wiener Laces, Inc. cross-moves to vacate the stipulation of settlement upon the ground that the settlement was not authorized unless conditioned upon the procurement of certain releases barring future defamation actions against third parties which have not yet commenced.
FACTS
After a robing room and subsequent courtroom conference the attorneys for the respective parties agreed to settle both actions herein by mutual discontinuance with prejudice and without costs. A two-page stipulation was dictated of record to the court stenographer by the attorney for the party now seeking to challenge the efficacy of the agreement. The stipulation is brief, unequivocal, contains a normal provision for exchanges of necessary releases and documents (without defining them) and concludes with the statement of the opposing attorney that he consents to the “foregoing entire stipulation relating to the two litigations.” The affidavit of the attorney dictating the stipulation, who now seeks to vacate it, concedes that after exploration of mutual discontinuance, he informed his adversary that he had to consult with his client; that he did so; was authorized to settle; dictated the simple stipulation of record; and tacitly acknowledged that no nonexpressed conditions thereto were communicated to opposing counsel. Thereafter the attorney for the party seeking repudiation insisted upon procuring releases of potential defamation claims from persons not parties to either of the settled ac *677 tians therein. He asserts that his client conditioned his grant of settlement authority thereon, that he intended and assumed such result when he dictated the stipulation of settlement, but he concedes that no reference thereto is contained therein, and that he never in any way communicated the existence of any such condition or reservation to opposing counsel, the court or to the court stenographer. In effect, counsel and his client seek to be relieved of the impact of the settlement agreement based upon a claim of uncommunicated condition or reservation, and possible unilateral mistake made during dictation of the agreement.
STIPULATION FULLY ENFORCEABLE
The stipulation which is the subject of these motions was dictated into the record and thus fully meets the open-court requirements of CPLR 2104. As such it is fully enforceable. (Matter of Dolgin Eldert Corp., 31 NY2d 1, supra; Veith v ABC Paving Co., 58 AD2d 257, supra; Bernstein v Salvatore, 62 AD2d 945, supra.)
The daily published law journal rules of this court require the presence of an attorney with knowledge of the facts authorized to make binding. commitments for the client, and the client is not required to appear. The dictating attorney therefore certainly had apparent and implied authority to fully represent and bind his client in consummating this settlement (Di Russo v Grant, 28 AD2d 847; Continental Cas. Co. v Chrysler Constr. Co., 80 Misc 2d 552; Martinez v 348 East 104 St. Corp., 60 Misc 2d 31).
In the instant case the attorney went beyond conduct which created an implication of implied authority. He actually went to telephone the client, and explicitly affirmed the existence of express authority to effectuate the proposed settlement. This is not a case where an attorney settled an action without his client’s consent (Countryman v Breen, 241 App Div 392, affd 268 NY 643; Mazzella v American Home Constr. Co., 12 AD2d 910). It is rather a case where a client expressly authorized settlement, and that fact was communicated to opposing counsel. Hidden, nonexpressed limitations upon such granting of client’s consent, may not be subsequently utilized to vitiate the agreement upon which an adversary is entitled to rely. Such conduct pre *678 sents an even more compelling case for judicial estoppel than that confronted by this court in Tenwood Assoc. v United States Fire Ins. Co. (104 Misc 2d 467, supra). To hold otherwise would result in exposing to subsequent rescission every settlement agreement (even when made of record) upon the sole basis of a claim that the client’s consent to the settlement was conditional or that the settlement was unauthorized, even though no such limitation was ever communicated to anyone at the time the settlement agreement was made. Judicial countenance of such grounds for invalidation would be totally destructive of the finality of any judicial settlement process.
The assertion that this simple clear stipulation discontinuing the action was incomplete because it referred to execution and exchange of subsequent undefined documents is not worthy of any extended consideration (Ariel v Ariel, 5 AD2d 168; see Fuchs v Fuchs, 65 AD2d 595). This can in no way be construed to be an agreement requiring subsequent completion of incomplete and ambiguous terms (Matter of Galasso, 35 NY2d 319). Similarly, non-revealed unilateral mistake by a party’s counsel in dictating an agreement will not justify stipulation invalidation. No mutual mistake has been demonstrated and the belated effort to seek invalidation based upon the attorney’s sole unilateral claimed error raises serious estoppel considerations (cf. Cheatham v Cheatham, 93 Misc 2d 576; Pluchino v Pluchino, 1 AD2d 831) and a serious question as to whether there was actually a mistake or an afterthought (see Raphael v Booth Mem. Hosp., 67 AD2d 702).
DECISION
The stipulation herein is fully binding and enforceable. The motion to vacate it is denied, with costs. The motion to enforce the agreement is granted. Settle order.
If the defendant encounters prejudice or difficulty in being held to a settlement in this case, the fault lies not in the other party, but in the dereliction of his own attorney. Any recourse which should be made available to said party would appropriately be procurable from the culpable attorney.