**RANDIM MARKETING, INC., Plaintiff,**

v.

**PROFESSIONAL SPORTS MERCHANDISERS, INC., Defendant.**

No. 82 Civ. 7797 (LFM).

United States District Court,
S.D. New York.

Sept. 28, 1983.

Suozzi, English & Cianciulli, P.C. by Joseph P. Hoey and Ronald E. Sommer, Mineola, N.Y., for defendant.

Golenbock, Eiseman, Assor & Bell by Jeffrey T. Golenbock, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

This is a motion by defendant, Professional Sports Merchandisers, Inc., to dismiss on the ground that this case has been settled. The parties have submitted several affidavits in support of their positions, so we will treat the motion as one for summary judgment under Fed.R.Civ.P. 56.

Plaintiff, Randim Marketing, Inc., sues to recover damages for defendant's alleged breach of a contract to buy goods from plaintiff. Defendant apparently rejected certain merchandise, claiming late delivery by plaintiff.

The court encouraged the parties, at a pretrial conference on March 15, 1983, to discuss settlement. Defendant referred plaintiff to a company called "Datacom," then in the process of taking over management of defendant's operations and therefore in a position to make final decisions respecting settlement.

There is considerable dispute about the content of plaintiff's subsequent discussions with Datacom, but it is clear that Datacom agreed to purchase the disputed merchandise for $32,500 and in fact already has done so. Defendant now claims that this transaction was intended all along as a settlement of the suit and that plaintiff promised to drop the suit once an agreement was reached. Plaintiff denies any connection between the transaction and this suit against defendant and further urges that, even if the parties had reached an oral agreement to settle, such an agreement would not be enforceable under New York law.

■ The dispute over the existence of an oral settlement agreement is one of fact. The affidavits present contradictory accounts of the discussions between plaintiff and Datacom. Defendant's affidavits describe an oral settlement agreement, but plaintiff denies the existence of any such agreement. Summary judgment cannot be granted when there is a material issue of fact. Fed.R.Civ.P. 56.

■ Furthermore, the alleged oral agreement to settle is not enforceable under the New York law applicable to this case. Section 2104 of the Civil Practice Law and Rules requires that "an agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court," be in writing. The New York Court of appeals has held that CPLR § 2104 applies to settlement agreements. *In re Dolgin Eldert Corp.*, 31 N.Y.2d 1, 334 N.Y.S.2d 833, 286 N.E.2d 228 (1972). Thus, a writing is required here.

Defendant, however, relies on Section 15–501 of the General Obligations Law and the distinction in the law of compromise and settlement between an executory accord and a superseding or substituted agreement. Section 15–501 requires that executory accords be in writing; defendant, therefore, characterizes the agreement here as a superseding agreement and argues that it need not be in writing. *Langlois v. Langlois*, 5 A.D.2d 75, 169 N.Y.S.2d 170 (1957); *Home Insurance Co. v. United Airlines*, 76 Misc.2d 799, 351 N.Y.S.2d 800 (1973).

The distinction which defendant seeks to draw, however, is not relevant under CPLR § 2104. That section refers to agreements relating to any matter in an action, and includes settlement agreements reached during litigation. In *Langlois*, relied on by defendant, the court focused on the predecessor to § 15–501, not on CPLR § 2104. Since *Dolgin*, New York courts have required settlement agreements to be in writing under § 2104. *See Jacknis v. Fire Prevention Products Corp.*, 78 A.D.2d 651, 432 N.Y.S.2d 237 (1980); *Veith v. ABC Paying Co.*, 58 A.D.2d 257, 396 N.Y.S.2d 556 (1977); *Signer v. Abramowitz*, 45 A.D.2d 677, 356 N.Y.S.2d 301 (1974). We therefore conclude

that the alleged oral agreement to settle would be unenforceable.

Accordingly, defendant's motion to dismiss and/or for summary judgment is in all respects denied.

So ordered.