■ SARAH HENDERSON, Respondent, v WESTON's INC., Appellant. — Appeal from an order of the Supreme court at Special Term (Harvey, J.), entered August 15, 1983 in St. Lawrence County, which granted plaintiff's motion for summary judgment. ¶ The issue here is whether the trial court properly granted summary judgment to plaintiff, based upon a stipulation of settlement reached by the parties, where defense counsel carried on settlement negotiations and agreed to the settlement by phone rather than allow the case in

---

question to proceed to inquest upon defendant's default. We conclude that, under the circumstances of this case, plaintiff was improperly awarded summary judgment. ¶ At the time the alleged settlement stipulation was made, plaintiff was 81 years old. A trial preference of the case had been ordered in January, 1983. The case was given preference at the May Trial Term of Supreme Court in St. Lawrence County and posted on the Day Calendar as the second case. On May 24, 1983, the case was jury-ordered for May 25. Defendant's trial counsel was unable to attend and had the case adjourned by his office by telephone. The matter was again jury-ordered for June 2, 1983. However, defendant's trial counsel again caused the court to be advised by telephone that no attorney was available to try the case. Plaintiff had been at the courthouse ready for trial on each occasion. ¶ On June 2, 1983, the court called the attorney of record for defendant and advised him that his trial counsel had not appeared for trial. The court further stated that unless the case were tried that afternoon, it would be settled or an inquest ordered. The case was marked settled when defendant's counsel of record agreed over the phone to settle for $10,000. Thereafter, defendant refused to execute an order of settlement and plaintiff proceeded by motion for enforcement of the purported settlement. ¶ We conclude that no legally binding stipulation was entered into by the parties or their attorneys. The phone conversations which led to the court's marking of the case as settled were not conducted in open court as required by CPLR 2104 and are not binding on defendant (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1). It is unfortunate that the elderly plaintiff and her counsel were disadvantaged by the failure of defense counsel to attend the court as he was required to do. When the matter was ordered for a day certain for trial and defense counsel failed to appear, the matter was in default and the court should have proceeded to an inquest. ¶ Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Kane and Mikoll, JJ., concur.

Yesawich, Jr., and Weiss, JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent and vote to affirm. Unlike *Matter of Dolgin Eldert Corp.* (31 NY2d 1), we are faced not with "inchoate, unprovable arrangements, in which the court or its officers" are embroiled (*id,* at p 11), but with a settlement agreement which is definite, certain and, most important, undisputed. There is no disagreement between counsel as to the terms of the agreement or any question as to their authority to enter into it. Had there been any issue in this regard, defendant undoubtedly would have favored the court with countervailing affidavits from either or both the attorney and the claims representative who actually negotiated the settlement on its behalf. And since these discussions occurred when the court had been convened to do judicial business and a court reporter was at hand, we view the settlement as having been arrived at in open court (*id.,* at pp 4-5) and hence enforceable. ¶ Apart from being morally indefensible, defendant's contention that the settlement is a nullity because it was not memorialized in some fashion misperceives the need for reducing these agreements to writing. This "rule requiring a writing is one of convenience, designed to relieve the courts from having to resolve embarrassing factual disputes between counsel, and sometimes between counsel and the court, as to the making and terms of the stipulation; [the courts] refuse to permit its use against a party who has been misled or deceived by the oral stipulation to his detriment" (2A Weinstein-Korn-Miller, NY Civ Prac, par 2104.04). Inasmuch as the record contains no evidence of any controversy over the fact that the stipulation was entered into, or any of its terms, a writing is not legally imperative (*Tenwood Assoc. v United States Fire Ins. Co.,* 104 Misc 2d 467). As no good reason has been offered why defendant should be released

from its agreement and since, except for a claimed technical noncompliance with CPLR 2104, namely the absence of any evidence of a writing, no principle of law or equity can justify defendant's repudiation of the agreement, it should be enforced. ¶ Another perspective from which this matter should be examined is that this case, which involves an 81-year-old plaintiff, had been granted a preference, was twice jury-ordered and, on each occasion, plaintiff's witnesses attended at the courthouse and her physician was available, but defendant was not. On June 2, 1983, plaintiff, if she was so inclined could have moved for a default judgment, but elected instead to attempt to settle her suit. With the court's aid, a settlement was reached that day. A release and stipulation of discontinuance was promptly furnished by plaintiff, but defendant simply refused to honor the understanding. In these circumstances, defendant, at the very least, should be estopped from disavowing a settlement stipulation it admittedly made and upon which plaintiff unmistakably relied (see *Veith v ABC Paving Co.,* 58 AD2d 257, 260; *Tenwood Assoc. v United States Fire Ins. Co., supra*). In light of the enormous effort being directed at eliminating civil calendar congestion, allowing a party to be relieved of its counsel's oral commitment merely because it unilaterally chooses to breach that commitment is manifestly counterproductive and should not be countenanced; doing so can only tend to arrest what calendar progress has been made.