■ JOHN TOWPASH, Appellant, v MARY M. TOWPASH, Also Known as MARY NOVAK, Respondent.—In an action for partition of certain real property, the plaintiff husband appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated October 3, 1984, which denied his motion for summary judgment and referred to the trial court the defendant wife's cross motion to compel compliance with an alleged stipulation of settlement.

Order reversed, without costs or disbursements, motion granted, cross motion denied, and matter remitted to the Supreme Court, Kings County, for further proceedings to determine the relief to be afforded to the plaintiff, which relief shall be consistent with a judgment of divorce between the parties dated December 11, 1978.

The parties were married in 1954, and had one child, Ann, born on May 4, 1962. They were divorced by judgment dated December 11, 1978. Pursuant to the divorce judgment, Mary

M. Towpash (the defendant in the present suit) was granted custody of the parties' daughter, and exclusive possession of the jointly owned marital home until the child reached the age of 21 years on May 4, 1983. On January 10, 1984, the plaintiff John Towpash commenced this action for partition of the former marital residence. The defendant's answer set forth, *inter alia,* an affirmative defense and a counterclaim based upon allegations that the parties had reached a settlement agreement under which the plaintiff would convey to the defendant his undivided one-half share for $80,000, that a contract to that effect was prepared by the plaintiff's attorney which the defendant signed and delivered with an $8,000 down payment to the plaintiff's attorney, but that the plaintiff then refused to proceed with the agreed-upon settlement.

By notice of motion dated May 24, 1984, the plaintiff moved for summary judgment. The defendant opposed that motion and cross-moved for enforcement of the alleged settlement agreement. Special Term denied the plaintiff's motion, and referred the defendant's cross motion for enforcement of the purported settlement to the trial court. This appeal by the plaintiff ensued.

Manifestly, the alleged contract, purportedly setting forth the parties' agreement, provides for the sale of an interest in real property. Thus, it is subject to a proper and timely assertion of the Statute of Frauds *(see, Raoul v Olde Vil. Hall,* 76 AD2d 319). A review of the record shows that the contract was signed neither by the plaintiff, who is the party to be charged nor by his attorney. Although his attorney did sign a receipt for the down payment and the contract when delivered, such is not sufficient to overcome the Statute of Frauds, especially since there is no evidence that written authorization to a lawful agent was ever executed by the plaintiff to his attorney with respect thereto. We find that the plaintiff established the allegations set forth in the complaint and that the affirmative defense and counterclaim are barred by the Statute of Frauds *(see,* General Obligations Law § 5-703 [2]; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Further, the alleged settlement does not, as the plaintiff contends, comply with the provisions of CPLR 2104, nor does the theory of a superseding agreement apply *(see, Randim Mktg. v Professional Sports Merchandisers,* 571 F Supp 1169; *Matter of Dolgin Eldert Corp., supra; Langlois v Langlois,* 5 AD2d 75).

There is no basis in the record for applying the doctrine of estoppel against the plaintiff.

The matter is remitted to the Supreme Court, Kings

County, to determine the relief to be afforded to the plaintiff. Said relief shall be consistent with the judgment of divorce dated December 11, 1978. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.