■ PAUL KORFF et al., Appellants, v PICA GRAPHICS, INC., Respondent.—In an action to recover commissions under a brokerage agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Pantano, J.), dated March 13, 1985, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action was barred by the Statute of Frauds and denied their cross motion pursuant to CPLR 3120 for discovery.

Order affirmed, with costs.

Special Term correctly determined that the purported oral agreement entered into between the parties was void and unenforceable under the Statute of Frauds (see, General Obligations Law § 5-701 [a] [1] [10]). On appeal, however, the plaintiffs contend that since the defendant had previously paid the plaintiff Paul Korff a 10% commission on some of the work performed for clients originally solicited by Paul Korff, those payments constituted part performance, thereby removing the case from the ambit of the Statute of Frauds. We disagree.

In order to successfully invoke the equitable doctrine of part performance, the acts performed must be so "clear, certain, and definite in their object and design as to refer to a complete and perfect agreement of which they are a part execution" (56 NY Jur, Statute of Frauds, § 250, at 354-355). To effectively remove an oral agreement from the operation of the Statute of Frauds, the acts of part performance must be "unequivocally referable" to the terms of the agreement (see, Anostario v Vicinanzo, 59 NY2d 662, 664). The fact that the defendant had previously issued checks to the plaintiff Paul Korff, representing commissions then due and owing, does not, in itself, give rise to an enforceable obligation on the part of the defendant to make future payments. Nor do the alleged acts of part performance by the defendant definitely and exclusively refer to the terms of the alleged oral agreement. Indeed, it is not at all clear from the documentary evidence submitted, exactly what Paul Korff was paid for or whether the defendant made any promises to pay for future transactions. Since the alleged acts of part performance do not prove the existence of an agreement and do not, in the slightest way, refer to the terms thereof, the doctrine of part performance is unavailable to the plaintiffs.

The plaintiff Paul Korff, who had been a printing broker for nearly 14 years, essentially assumed a risk of soliciting clients for the defendant without memorializing the terms of his compensation. The plaintiffs' claim that the defendant wrongfully secreted certain job invoices and thereby avoided the payment of commissions to the plaintiffs, cannot be verified by reference to any document subscribed by the party to be charged. The plaintiffs' complaint was, therefore, properly dismissed. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.