■ DARLENE SALMI, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 30, 1987 in

---

Ulster County, which granted plaintiff's motion to restore the action to the Trial Calendar.

This action, in which plaintiff seeks to recover first-party benefits under the Insurance Law, was stricken from the Trial Calendar after the parties' attorneys agreed to a settlement at a pretrial conference on March 26, 1986. After the terms of the settlement were conveyed to plaintiff, she objected on the ground that there were numerous outstanding medical bills and expenses that she had not previously brought to the attention of her attorney. Plaintiff's counsel advised defendant that the settlement amount was erroneous and that the action could not be settled for that sum. Thereafter, plaintiff moved to restore the action to the Trial Calendar and Supreme Court reluctantly granted the motion, concluding that since the settlement was neither reduced to writing and signed by plaintiff nor entered in open court, plaintiff was not bound by its terms.

Supreme Court's order must be affirmed. Absent compliance with the requirements of CPLR 2104, oral stipulations are not enforceable, particularly where, as here, there has been no showing of detrimental reliance *(Van Syckle v Powers*, 106 AD2d 711, *lv denied* 64 NY2d 609; *Henderson v Weston's Inc.*, 102 AD2d 997, *appeal dismissed* 63 NY2d 952; *see also, Kleinberg v Ambassador Assocs.*, 64 NY2d 733; *Kalomiris v County of Nassau*, 121 AD2d 367; *Collazo v New York City Health & Hosps. Corp.*, 103 AD2d 789).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.