■ JOSEPH C. FISCHER, Appellant, v KAREN M. TROST et al., Respondents.

Contrary to the plaintiff's present contentions, the Supreme Court, Putnam County, properly dismissed the complaint pursuant to the Statute of Frauds *(see,* General Obligations Law § 5-703 [2]), as the letters and other documents submitted by the plaintiff failed to set forth all of the essential and material terms for a valid agreement among the parties for the conveyance of interests in real property *(see, Tetz v Dexter,* 133 AD2d 79; *Tamir v Greenberg,* 119 AD2d 665, *lv denied* 68 NY2d 607; *Villano v G & C Homes,* 46 AD2d 907, *appeal dismissed* 36 NY2d 918, *lv dismissed* 40 NY2d 959). Moreover, the plaintiff failed to establish any partial performance which was unequivocally referable to the alleged agreement *(see, e.g., Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847; *Wilson v La Van,* 22 NY2d 131; *Korff v Pica Graphics,* 121 AD2d 511; *Christou v Christou,* 109 AD2d 1058, *affd* 65 NY2d 853), nor

did he adduce sufficient evidence to raise a triable issue of fact as to his claim that the defendants should be estopped from relying upon the Statute of Frauds as a defense *(see, North Am. Co. for Life & Health Ins. v Pennington,* 132 AD2d 972; *Towpash v Towpash,* 119 AD2d 567). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.